Radcliff, J.
The title -of N. Jones to the road in question was not a mere right of way, capable -of being conveyed by the general terms expressed in the first deed. The ways, paths, and easements therein mentioned* were incorporeal hereditaments only, and appurtenant to the. thing granted and cannot be construed to comprehend a different [*286] ^parcel of land purchased and held by a .distinct title, though appropriated to the use of a way. The first deed of the sheriff, therefore, did not convey the road to the lessor of the plaintiff. '■
1 think it unnecessary to decide, whether a deed from the sheriff, was essential to perfect the title of the lessor.(a) It appears from the testimony of the sheriff, that the road in question was not, in fact] sold by him. He did not know that it existed. - It is true, that he intended to sell all the real estate of N. Jones, but that was not. sufficient, without an actual sale, and. without designating the property, so that purchasers might know for what , to bid. A .different mode of proceeding at sheriff’s,sales would be too uncertain, and liable to great abuse, and could answer no valuable purpose to airy *345 creditor. If the property be unknown, it may as easily be ascertained before as after a sale, and to require it to be identified, imposes no additional hardship on any creditor.
' The road in the present case, not being, in fact) sold by the sheriff in the first instance, he had no power to convey it by the second deed. His authority ceased with the execution of his writ which was complete, and he could not, by the second deed, give a right which was not" created by the sale. The second deed was wholly unauthorized, without consideration, and void.
. For these reasons, without touching the other points made in the case, I think the verdict ought to be set aside, and a new trial awarded.
Kent, J.
I am of the same opinion. The premises certainly did not pass by the first deed; for the -lands therein described and conveyed aré accurately ascertained, by metes and bounds, and the premises are not included; and being a corporeal, as contradistinguished from an incorporeal hereditament, the road could not pass by any of the general and usual words thrown in, at the end of the metes or bounds.(b)
*346 The question then, is, caff a sheriff, after a sale duly [*287] "made, and after a deed executed with the requisite *for *347 malities, and an acceptance of it by.the grantee, and the execution returned and satisfied, be permitted to aver against his own deed, and substantially to vary, and enlarge it by a subsequent conveyance? I consider his whole authority as at an end, after the sale and consequent satisfaction of the party. It appears to me, that it would be of dangerous consequence, to allow a party, after a long acquiescence in a sale, to come forward and cover a claim, not known or declared at the time, by a new and secret negoti *348 at ion with the sheriff. The purchaser buys at his peril. Nothing ought to pass at a public sale, but what was then' known and promulgated.(a) I adopt this general and saluta-ry principle, as requisite to guard against fraud, and to preserve integrity and- fairness at public auctions, that no property can pass at a sheriff’s sale, but what was- at the time ascertained and declared.
Benson, J. and Lansing, Ch. J." were also of the same opinion.
Lewis, J. The following questions arise in this case.
-1. Was the deed from Apthorp to Humphrey Jones, of the' 12th of October, 1764, admissible in evidence, as forming á link in the chain of the plaintiff’s title, after he had produced the record of the deed to Striker, referring to the lease and release of August, 1764, without producing such lease' and release, or accounting for them?
3. Ought not the plaintiffs to have produced the record of the judgment and execution of the mayor’s court ?’
3. Was there not a disseisin of the road at the time of thé levy by the sheriff? ■ -
<" 4. Bid the road pass to the lessor of the plaintiff by either of the deeds from the sheriff, or by any- other means ?
= 1. With respect to the' first .question, 1 think the deed from-Apthorp to Jones of the 13th of October, 1764, was properly admitted in evidence, and as, .at present advised, I should also have admitted the evidence offered by the plaintiff. tending to -show a probable mistake in the date [*238] *of the deed, in order to have aided the jury in what I consider the material inquiry, as far as concerns the deeds, whether1 the- exception in'. Striker’s conveyance, and the grant to Jones, relate to the identical subject matter. Whether this was the deed referred to, or whether there had- been others, which might have been destroyed or cancelled, upon a new deed being given by way of further assurance, or otherwise, Was a question of fáct,. upon which the jury having decided,[though without, all the light they *349 might have had on the subject, I can see no sufficient reason for arraigning their decision.
2. Upon the second qüestion, I am of opinion that the law is with the plaintiff, and that it was sufficient to produce the record of the one judgment, and the execution thereon. The production of these documents was for the purpose of showing a legal right acquired, and the sheriff’s consequent authority to sell. Now, it is a rule of law, that where a man has two authorities to do an act, he cannot use both simul and semel, and if lie executes ope, the other is void. This rule would appear to apply forcibly to the case of writs of execution. The sheriff cannot sell upon both, where one has a priority; because the proceeds may be insufficient to satisfy both, and he cannot apportion. In such case, where the property to be levied on, is an entirety, though a levy may be made under each, he must sell on the first execution only, and that being satisfied, the surplus, if any, will go to the satisfaction of the other. Nor is he bound to declare previously under which authority he sells, because the writ of execution, which is his warrant, does not specify the time of the judgment, or of its being docketed, which in the present instance was equally important. But should this rule not apply to the case of a sheriff in its full extent, yet it must be sufficient, for the execution of a single power, to show a single authority. The recital of the two judgments in the sheriff’s deed in my opinion, does not alter the case, for as in the execution of a power by deed, it is not necessary to reter to the ’authority, when the deed would [*289] have no operation, but in the execution of such power, such a reference would be surplusage, particularly where two authorities are referred to, and one only is sufficient and proper for the purpose. And we may here apply the maxim, “ quando non valet quod ut ago, valet quantum valere potest.” (I Vent. 228 b. Go. 18 a. 1 Lev. 151. 1 Rol. 329, pi. 45.)
3. The question as to a disseisin, was contended, on the part of the defendant, to be a question of law, and therefore improperly submitted to the jury. In the case of Taylor *350 ex dem. Atkins v. Horde, (1 Burr, 60,) it is said by Lord Mansfield, in giving the opinion of the court) to be a question of fact.- -With us it is emphatically so; for being stripped of all its feudal relations by the nature of our tenureSj it; is but another term for a .dispossession of a freehold interest, which must be a simple question of fact. It was therefore-properly submitted to the juryj and the only question'for the, court is, whether they decided it against evidence. I think they did not; for it is fairly inferable from the evidence, that Striker’s use of the soil. of the road was by permission of Jones, and hot inconsistent with the use that the letter occasionally made of it. Nor can any thing be inferred from its not having, been visible to the witnesses examined on that point; this was an unavoidable consequence, of the little use Jones made of it, and the cultivation of it by Striker. The inability of Nicholas to locate it, probably arose from the same cause. But as he knew the place of beginning, and as -its courses and distances are given by the deed, it may easily be ascertained by a survey, and the sheriff, in case of a recovery, be thereby enabled to give possession according to the deed.
4. The fourth and last question involves several important considerations. First, by what act of the sheriff is his power executed ? Is it by the sale, or must it be' by deed 1 ' •
[*290] Tt is a well -established rule of law, that a purchaser under a nude power to sell, is in, under the authority creating that power, and that, therefore, the. execution of that power may be without deed, where it is not-expressly required, for the interest arises out of the estate: This was law, .as -early as the days ■ of Littleton, who in his 169th- sect, speaking of devises by custom, as he wrote long prior to the statute of wills, says,, that executors under a power to sell, may sell and make an estate by deed, or without deed, in ComVs case, (9 Rep.) it is resolved, that where,- executors sell under a power, though they do it in their own names,'this is of -necessity,- yet the vendee- is in, under-the devisor.
*351 These were cases prior to the statute of frauds. It may therefore be necessary to examine, whether that statute has made any difference in the law on the subject. Naked powers are neither within the letter, nor the spirit of the 9th section, for the person executing such power, neither makes nor creates an estate. If the case of a sheriff’s sale falls within any clause of the act, it must be the 10th section, by which assignments, grants and surrenders of estates, by act and operation of law, are equivalent to those by deed or writing. The statute, then; has not altered the law; on the contrary, in a sale under a judgment,' it confirms it. That it has not been considered in England, as touching the general principle, appears from the cases of Saunders v. Owen, (Salk. 467,) and Bayley v. Warburton, (Comyns’ Rep. by Rose, case 212.) In the first of these cases it was resolved, that a power to an executor to sell, may be executed without deed, for that whatever is to take effect out of a power or authority, is good without a deed. In the second, it was held, that leases for lives made by a feme covert under a power, were good without a fine, for that the lessee derived no estate from the lessor, but from the source from whence the authority sprung. I have met with no case contradicting this law, and unless some positive regulation can be shown, that renders it necessary that a sheriff should (’execute his authority by deed, I must hold [*291] the sale to be a complete execution, and the deed nothing more than written evidence of the fact, which may also be proved by parol. This idea is strengthened, if not absolutely confirmed, by a recurrence to the authority under which Nicholas Jones’ property was sold. The words of the statute 5 Geo. II, ch. 7 are, that real estates in the plantations may, for the satisfaction of debts, be seized, extended, sold, or disposed of, in like manner as personal estates. If, then, the sale was a complete execution of the sheriff’s authority, the lessor of the plaintiff purchased the road as a part of the estate sold, for the sheriff testified that he sold, and meant to convey to him all the estate of Nicholas Jones.
*352 If, however, the sheriff’s authority can be executed by deed only, we must next examine whether the road passed by the first deed ? It appeared to be conceded, that hpd the road been a mere easement, it would have • well passed, by the general terms, ways, passages, 'paths, &c. It is at least questionable, whether any thing^more than a right of way passed-by the deed of Apthrop to Jones. If by the term road, which is the only one in his deed, the land did not pass, then he certainly would take a right of way, the limits of which are defined by courses and distances. Whether the one or the Other passed by Apthrop’s deed, will, however, be immaterial, if it can be shown, that the road v/as an appurtenant to Jones’ farm.
Appendants are by prescription ; appurtenances by grant. (Co. Lit. 121, 6.) The latter also may arise from use. If one be seised of black acre and white acre, and uses a way over white acre from black acre to a mill, river, &c., and grants black acre, with all ways, easements, &c., the grantee shall- have the same conveniency the grantor had. (6 Mod. Staple v. Heyden, p. 1.)
Nor are appurtenants, necessarily, of an incorporeal nature, but things corporeal may be appurtenant. If one has a house and land, and conveys water to the house by [*292] *pipes through the land, and afterwards sells the house with the appurtenances to one, and the land to another, the conduit and the pipes pass with the house, because they are necessary, and quasi appendant thereto, and" he shall have liberty by law to dig in the land for mending the pipes, or making them- anew, as the case may require. (Cro. J. 121; Nicholas v. Chamberlain.) Here then was a grant of a road through Striker’s farm from one part of Jones’ farm to another part of the same. Its only use wás as an easement to that farm, and from the authorities adduced, well passed with it, quasi an appurtenant.
The only remaining inquiry is, whether the road passed by the second -deed of the sheriff, if it did not by the first. In the case of Hervey v. Hervey, (Barnad. Ch. Rep. 111;) it was resolved, and from that period it has been so settled, that *353 a power over a legal estate, defectively executed at first, may be executed over again, and the last execution shall stand, the first being a nullity. Here then was a defective execution, for the sheriff sold all the estate of Nicholas Jones, but conveyed a part only. Nor is the case altered by the sheriff’s want of knowledge, for it is highly probable he was, at the time of- sale, as ignorant of the bounds of the farm, and the quantity of land contained within them, as he was of the road. He sold the whole estate, and of course ought to have conveyed the whole.
My opinion, therefore, is that the plaintiff is entitled to recover, and that the defendant take nothing by his motion.
New trial granted.

.(a) An estate will not pass by a sheriff's sale., without a deed or note in wri ting signed by the sheriff. ' Simonds v. Gatlin, 2 Caines’ R. 61. Jackson v. Gatlin, 2 Johns. R. .248. In error, 8 id. 520. 12 id. 78. 13 id. 471. 1 R. S. .738, § 137. -2 id. 373, § 61. > The right of the sheriff to convey immediately upon the sale' of real estate, a title to the purchaser,, was taken away in New York, by -the act of April 12th, 1824, Which has been re-enacted in the Revised Statutes. By this statute, a rigjit of redemption is secured to the debtor, his representatives, devisees, grantee's* mortgage and judgment creditors. As to the sheriff’s certificate of sale under- this statute ; see 2.R. S. 370, 1 id. 755f,

 When any thing is granted, all the means to attain it, and all the fruits and effects of it are granted also, and shall pass inclusive together with the thing, by the grant of the thing itself without the words cum pertineniiis, or any such like words. Cuicunque" aliquid conceditur, conceditur étiam et id sine quo res ipsa non esse potuit. By the grant of ground is granted a way to it, i. e. all usual ways and unless there be an usual way, then a way of necessity will pass. Shep. Abr. 4 part, 200. B. N. P. 74. F. N. B. 183. Com. Dig. Chimin. D. 2. 8 Term R. 50. Latch. 153. The incident accessary, appendant and regardant shall in most cases pass by the grant of the principal, without the words cunt periinentiis. .Sheppard’s Touchstone, Preston & Hilliard’s ed. 89, and references. Thus, a conveyance of laud by necessary legal consequence conveys the buildings thereon, and evidence will not. be received of a different intention of the grantor. Isham v. Morgan, 9 Conn. Rep. 374. By the word “ appurtenances” in a deed, a water power appurtenant to a mill passes, and any declarations of the grantor at the time of its execution that he did not convey the water right are immaterial. Pickering v. Stapler, 5 Serg. & Rawle, 107. And by the same word in a deed of five thousand acres of Pennsylvania lands, dated 1704, it was held, that the usual city lots and liberty lands passed. Hill v. West, 4 Yeates, 142. And where a block of buildings, consisting of a central building and two wings, was erected in 1808, with a piazza in. front of the central building, and side doors in the *346 wings, which, opened on and swung over the piazza, the upper parts of. which were used as Windows. The central building was occupied by the- United States, as a custom-house, under lease* from Í808 to' July, 1816, when they purchased the same in fee, and have ever since been in possession thereof. The wings were sold, in 1811,.-to other parties." Held, that these parties were entitled, under the conveyance to them, independent of the lapse Of time,, to the use pi the side doors and windows therein* and passage therefrom,, as they Used them at the time of the conveyance, they being incidents or appurtenances to the buildings conveyed. United States v. Appleton, 1 Sumner, 492. But the general words in a deed ‘í .all the privileges .and appurtenances thereunto belonging,” only embrace, those easements which are parcel of the premises expressly conveyed,.or necessarily annexed and appendant to them. Grant v. Chase, 17 Mass. Rep. 443. It has therefore been held, that a conveyance of two tracts of land .with their appurtenailces, does not pass a way through another tract of the grantor, whicffhad been used by him to pass from one to the Other of the granted tracts. Barker v. Clark, 4 N. Hamp. Rep. 380.
It is a general rule that a thing corporeal, cannot properly be appurtenant to a thing corporeal, nor a thing incorporeal, to a thing incorporeal, tío. Litt. 121, h. According to this rule* land cannot be appurtenant tb land. Otis v. Smith, 9 Pick. 293. Doane v. Broad-street Association, 6 Mass. Rep. 332. (But see Ashm. 43 7. 1 Sumn. 37, 38, that it is otherwise if the intention so require.) “ In the .case Of Jackson v. Hathaway, 15 Johns. R. 454; the court say it is impossible to protect the defendant, oñ the ground that the adjoining road passed by the deed as an incident to the lands professedly granted. A mere easement may without express words, pass as an incident to the principal object of the grant, but’it would be absurd to allow the fee of one piece of land'to pass as-appurtenant to a distinct parcel, which is expressly granted’ by .precise dnd definite boundaries. And in the case of Leonard v. White, 7 Mass. Rep. 6, it was decided, that by the grant of a grist mill with the appurtenances, the soil of a way immemorially used for the purpose of access to the mill, did not pass,, although it plight, be considered' as a grant of the easement" for the accommodation-of the mill. Cro. Eliz. 704. Cro. Car. 57. 3 Salk. 40.” Per Thompson, J. in Harris et al. v. Ellicolt, 10 Peters, 25,54. See also Tyler v. Hammond, 1 Pick. 193. But a wharf as connected with flats' in. front of it, is not regarded as land within the meaning .of this rule. To a structure of this description,, flats necessary for its use, and usually" occupied with it,-may pass as appurtenant. Doane v. Broad-street Association, mi supra.
.The word “ áppúrtenañce's” is occasionally usfed in a sense beyond its strict legal-signification,'audit is to be interpreted accordingly, where such sense can be clearly established. This doctrine has most commonly been applied ;to the construction of devises, but see Ashm. 417, and 1 Sumner, 37,38.. In the case *347 of Otis v. Smith, cited above, Parker, Ch. J. observes, f‘ In the strict legal sense of the word appurtenances, a fee in land will not pass, for land cannot be appurtenant to land. A right of way or other easement would pass in a deed, as well as in a will. In. the construction of wills, however, a greater latitude has been- given to the word appurtenances, according to the supposed intention of the testator in using that word. But this intention is gathered either from other parts of the will, from which it may be inferred that the word appurtenances was not used in a technical sense, or from extrinsic evidence showing the use and occupation of the land or tenement not particularly devised, as a part of or connected with the principal subject of the devise. Thus, in some of the cases cited, we find that a devise of a house or messuage with the appurtenances, has been held to carry a garden, stable, orchard, and even a large parcel of plough land ; but this is upon evidence that these several subjects were used by the testator, in his lifetime, as part of the establishment of the house or messuage devised. As in the case of Jackson v. White, 8 Johns. R. 47. So in the case of Doe v. Collins, 2 T. R. 498, a coal-pen, separate from the house and at some, distance from it, was held to .pass under a devise'" of the house, because it appeared in evidence that it was used partly as an accommodation to the house to Keep coal in; although the principal "use of it was to contain coal for the testator’s business carried on at a distance from his house. There are many cases of this kind.” ■ “ What shall be said to pass by a devise of a messuage or dwelling-house only, or of a dwelling-house with the appurtenances, is purely a question of intention to be collected, as in other cases of intention, out of the whole will. Thus a devise of ‘ messuages with all houses, barns, stables, stalls, &c., that stand upon or belong to the said messuages,’ under special circumstances clearly manifesting the intention of' the testator to devise the lands belonging to the messuages, was held to pass those lands. 3 Wils. 141. Gulliver v. Poyntz, 2 Black. Rep. 726. S. C. But unless it clearly appears that the testator meant to extend the word ‘ appurtenances’ beyond its technical sense, lands usually occupied with a house will not pass under a devise of a messuage with.lhe appurtenances. I Bos. & Pull. 53, Buck v. Nurton. See also 1 fi. & C. 350, Bodenham v. Pritchard. 1 Mylne & IC. 571, Hobson v. Blackburn. 2 Mylne & K. 759, Goodman v. Edwards.” Sergt. Williams’’ Note to 2 Saund. R. 401.

 See Jackson ex. dem. Carman v. Rosevelt, 13 J. R. 97. Jackson. ex dem. Livingston v. De Lancey, 13 id. 537. 2 R. S. 368,369.