PAUL THORNTON, Plaintiff in Error, *v.* WILLIAM W. MISKIMMON, Defendant in Error.

1. *Conveyances — Sheriff's deed — Amended deed should be made, when — Effect of amendment on former deed — Innocent purchasers, who are.*— It is the right and duty of a sheriff to amend a defective deed when the facts will warrant him in so doing, and the amended deed will relate back to the date of the original one.

In such case the former deed may be first set aside on motion. But the last and correct deed is not void because the imperfect deed was not first set aside.

A purchaser of the land between the date of the first and second deeds will be affected by the latter only where he had either actual notice of the facts therein recited, or notice of such recorded proceedings as would advise him of them.

Where A. purchased at sheriff's sale and went into open, notorious possession of the premises, of which fact B. was aware, but, learning that the title was defective by reason of infirmities in the sheriff's deed, proceeded to bid off the property under another judgment for a nominal sum, to say that B., in such a case, was a stranger, and should be protected as an innocent purchaser from the operation of a second and amended sheriff's deed to A., would confound all ideas as to what constitutes innocence either in an actual or moral sense.

## Error to First District Court.

*Jno. F. Philips* and *Russel Hicks*, for plaintiff in error.

I. The Circuit Court erred in permitting defendant to read in evidence the second deed from the sheriff. This deed is subsequent in date to the institution of this suit. As between the defendant in the execution and the purchaser, a sheriff's deed acquired even after issue joined may be used by defendant under certain circumstances without being pleaded *puis darrien continuance.* (3 Cow. 75.) But this rule is ever applied under the limitation that it must not affect the rights of strangers or third parties. (3 Cow. 79; 12 Mo. 147; 9 Mo. 525; 9 Pick. 167, 169–70; 8 Mass. 240; Laws of N. C. 380 *et seq.;* 4 Johns. 234; 13 Mo. 497.)

II. The equity doctrine of notice does not properly arise in this case.

(*a*) Sheriffs' sales are within the statute of frauds, and until a deed is made the title remains in the debtor. The existence of

a judgment is not notice of a sale under it to a subsequent purchaser. (9 Mo. 527.)

(*b*) Granting the application of the doctrine of notice to this case, the evidence adduced below not only failed to fix notice on the plaintiff, but it absolutely and indisputably disproved its existence. So it must follow that if the verdict is attempted to be sustained on the ground that the circuit judge found that plaintiff had notice, it is a verdict without the shadow of evidence to support it.

(*c*) Possession is not actual notice. It serves merely to put the purchaser on inquiry as to the nature of the *terre* tenant's possession, and is evidence only of such facts as the legitimate and reasonable pursuit of this inquiry would probably lead to. (21 Mo. 321–23 ; 25 Mo. 318.) Had plaintiff gone to defendant, the most that can be inferred is that the defendant would have advised him that he held under sheriff's deed. This would have led to an examination of the deed. It passed no title. The amended returns and the second deed of the ex-sheriff were not then in existence, and it does not appear that at that time the defendant himself knew of the facts interpolated into the record afterward by the ex-sheriff.

(*d*) And when the possession of a party is consistent with his title as set out of record, he will not be permitted to rely on it as notice of another title, to the injury of a subsequent purchaser who has bought on the faith of the recorded title. (6 Serg. & R. 184–5; 15 N. H. 414–15.)

*F. P. Wright*, for defendant in error.

I. Plaintiff's objection to the reading of the deed, even if there had been any force in it, was cured by defendant's proving conclusively that he took possession of the property and moved on it a whole year before the judgment under which plaintiff claims was rendered, all of which was known to plaintiff.

II. It is submitted whether defendant's first deed, made as it was upon a sale under legal judgments, does not vest in defendant the legal title. The irregularities in this first deed could not be attached in this collateral proceeding.

III. The validity of a sheriff's deed does not depend on his return, and when one buys at a sheriff's sale, pays his money and receives a sheriff's deed, it is a matter of no consequence whether the return of the execution be imperfect or not made at all; the validity of his title cannot be affected by the irregularity or omission. (Brooks v. Roony, 11 Ga. 423; Doe *ex dem.* Wolf v. Heath *et al.*, 7 Blackf. 154; 1 Johns. Cas. 155, note *a*; 3 Yerg. 179; Hill v. Kendall, 25 Verm. 528; Gates v. Gaines, 10 Verm. 346; 5 Verm. 602; Stewart v. Croes, 5 Gilm. 442; Draper *et al.* v. Bryan *et al.*, 17 Mo. 83.)

IV. It is well settled in this State that courts will permit the sheriff to amend his return of the writ or process so as to correspond with the facts of the case, and it may be made at any time. (Webster *et al.* v. Blount *et al.*, 39 Mo. 500.)

V. The sheriff had the legal right, and indeed it was his duty, to make a new deed upon the discovery of the irregularities in the first deed. (Wagn. Stat. 612, § 54.) The fact that he has made one deed with improper recitals will not prevent him from making another reciting correctly and giving the proper evidence. (Crowley v. Wallace, 12 Mo. 143.)

VI. Although an execution issued on a void judgment is void, yet the validity of an execution issued on a valid judgment will not be inquired into in a collateral proceeding. (3 Bac. Abr. 663; Stewart v. Stockton, 13 Serg. & R. 199; 1 Wall. 135.) But even if their validity could be inquired into, both judgments of the court and the executions thereon, which are in accordance with such judgments, are valid.

BLISS, Judge, delivered the opinion of the court.

In 1865 the defendant purchased at sheriff's sale certain real estate in the town of Clinton, upon four executions against one John G. Thornton. He paid a full consideration, took possession, and made improvements; but the sheriff's deed defectively described the judgments and executions, and the returns were imperfect. In August, 1867, an execution was issued upon another judgment against said John G. Thornton, and in October following the same property was bid in by the plaintiff for a nominal

consideration; and this suit is brought to recover possession. Pending the suit, the sheriff was permitted to amend his return and make a new deed, which was set out in an amended answer as the foundation of defendant's title; the new deed was admitted in evidence, and defendant recovered judgment. The points necessary to be considered go to the admissibility of this deed, and to its effect upon the rights of the plaintiff; for, as the record is made up, we need not consider the sufficiency of the first deed, with its defective recitals, to pass the title.

First, when a sheriff discovers errors in his return, it is his duty, upon leave, to amend it so as to conform to the facts (Alexander, etc., v. Merry, 9 Mo. 514; Crowley v. Wallace, 12 Mo. 143); and if he has not executed a proper deed, he should make another, which will ordinarily relate back to the sale. When the first deed is defective, I infer the right to make an amended one, from the duty of the sheriff to correct an imperfect or false return, and especially from his duty to make a perfect deed when the facts will warrant him in so doing. The latter, it is true, is seldom necessary; for if there be a valid judgment, execution and sale, the deed must be very defective not to operate as a transfer of title. If a new deed is to be made, a motion to set aside the former one would be regular (Bay v. Gilliland, 1 Cow. 220); for it would seem that when a statutory power is once exercised, the record shows on the part of the officer a full performance of his duty, and there is apparently nothing further for him to do. (Jackson v. Stryker, 1 Johns. Cas. 284.) Its improper exercise will not, however, excuse him from such performance; and although it would be proper for the court, in its control over the proceedings of its officers, before a new deed is made, to set aside an irregular or imperfect one, that confusion might not arise from the two conveyances, yet the last and correct deed is not void, and it cannot be impeached in this proceeding.

The plaintiff, however, claims that notwithstanding a second conveyance may be good, and will ordinarily relate back to the sale, yet it will not do so as against the rights of intervening third parties, and that he, as a purchaser before the execution of the last deed, cannot be affected by it. Upon this subject the court

held, at the plaintiff's instance, that the second deed did not so relate back to the sale as to give the defendant the better title, unless the plaintiff when he purchased had either actual notice of the facts recited in said deed, or notice that there existed of record such proceedings as would have advised him of them. But the court refused to declare that the first deed and the first return of the sheriff were no notice, and for the reason, first, that such deed and return only constituted a part of the record, and that when the whole was sufficient notice, the court should not be called upon to give the effect of this or that part of it; and for the further reason that there was enough in the judgments, executions, returns and deed, to advise the plaintiff of the sale to defendant. In order to understand the views of the court below upon this point, its refusal to give this instruction should be considered in connection with one given at the instance of defendant, to the effect that if there was a valid sale and a deed to defendant regularly executed, acknowledged and recorded, under which he took and held possession, of which the plaintiff was informed before his purchase, and that plaintiff was told that defendant's title was defective, and purchased in consequence of such supposed defect, then he is not an innocent purchaser, and defendant's title under the last deed relates back to the sale. The view of the court was correct. The defendant was a neighbor of the plaintiff; was in open and notorious possession of the premises under his purchase, which the plaintiff well knew; but the latter was told by his law partner that the title was defective, and in consequence bid off the property for a mere nominal sum. To say that he was a stranger, and should be protected as an innocent purchaser from the operation of the well-settled rule that the sheriff's deed should relate back to the sale, would confound all our ideas as to what constitutes innocence either in a legal or moral sense.

The whole policy of the law in regard to the protection of innocent purchasers from the operation of prior titles, is based upon naked justice. For instance, in regard to the registering of conveyances, in order to prevent fraud and imposition, certain duties are imposed upon the holder of the deed; and it is enacted, and might be justly held without enactment, that those who, in

the ordinary course of business, purchase without knowledge of such conveyance, and being, by neglect of the holder, deprived of the means of information, shall not hence be made to suffer. But this policy cannot be made to cure the cases of those who would take advantage of technical defects in their neighbors' titles to deprive them of their estates. If those defects cannot be cured, they may perhaps succeed; but if any steps can be taken that, by the rules of law, shall relate back and remedy the defect, no exception to the operation of the remedy should be made in favor of such person.

The other judges concurring, the judgment will be affirmed.