# Ridgway and Wife *v.* Glover *et al.*

### *Statutory Action in Nature of Ejectment.*

1. *Amendment of sheriff's deed, in description of land.*—When a sheriff, by mistake, in advertising lands for sale under an execution, or order of sale from the Circuit Court, misdescribes a portion of the tract, as by inserting the north-east instead of the south-east quarter of the section, and the mistake is carried into his deed to the purchaser ; he may, by leave of the court, pending an action by the purchaser against the defendant in execution for the lands, correct the erroneous description in the deed ; and when the amendment is thus made under the order of the court, and in its presence, it relates back to the date of the deed, and entitles the plaintiff to a recovery.

APPEAL from the Circuit Court of Greene.

Heard before the Hon. LUTHER R. SMITH.

This action was brought by Mary S. Glover and Francis L. Constantine, against Bradley H. Ridgway and Mary E. Ridgway, his wife, to recover the possession of a certain tract of land, together with damages for its detention ; and was commenced on the 7th March, 1874. The lands sued for were described in the original complaint as "the *north-east* quarter of the north-east quarter, and the west half of the north-east quarter of section eight (8), and the north-west quarter of section fourteen (14), township twenty (20), range two (2), east, lying in Greene county ;" but the complaint was amended, by leave of the court, by striking out the word *north-east*, where it first occurs, and inserting *south-east*. The plaintiffs claimed the lands under a purchase at a sale made by the sheriff of said county, on the first Monday in February, 1874, under several orders of sale from the Circuit Court of said county, which were founded on judgments rendered against said Ridgway and wife, in favor of said Mary S. Glover, F. L. Constantine, and one Isaac N. Snedecor ; the lands being subjected to sale, under said judgments, as belonging to the statutory separate estate of Mrs. Ridgway. In the several orders of sale, the lands were correctly described, as in the amended complaint ; but, by mistake, in the advertisement of the sale, the sheriff inserted the *north-east* (instead of the *south-east*) quarter of the north-east quarter of said section eight, and the same mistake was made in his deed to the purchasers. The sheriff testified, that this mistake was made by accident, or inadvertence, on his part, "but that he had in fact sold, or intended to sell, the lands men-

tioned in the order of sale ;" to the due admission of which evidence the defendants excepted. The court allowed the sheriff, on motion of the plaintiffs, to amend his deed in the description of the land; and the amendment having been made in the presence of the court, allowed the deed as amended to be read to the jury, and instructed them, in effect, that, in connection with the order of sale, and the judgments on which they were founded, it entitled the plaintiffs to recover; to which ruling and charge, each, an exception was reserved by the defendants. The admission of the evidence objected to, the allowance of the amendment, and the charge to the jury, are now assigned as error.

W. P. WEBB, for the appellant.—To entitle the plaintiffs to recover, it was necessary for them to show a judgment, execution (or order of sale), and a sheriff's deed for the premises.—*Ware v. Bradford*, 2 Ala. 676; *Pollard v. Cocke*, 19 Ala. 188. The sheriff's deed did not convey the south-east quarter of the north-east quarter of section eight, and the plaintiffs had no title to it when the action was brought. At law, the deed was conclusive : the mistake could only be corrected in a court of equity.—*Hogan v. Smith*, 16 Ala. 603.

SNEDECOR & COCKRELL, *contra*. (No brief on file).

BRICKELL, C. J.—This was a real action under the Code, for the recovery of several parcels of land, titles to which the plaintiffs (the appellees) claimed under a purchase at a sale by the sheriff of Greene county, made under several orders of sale issued from the Circuit Court of that county. These orders were founded on judgments rendered against the defendant (appellants), and directed the sheriff to sell, among other lands, the south-east quarter of the north-east quarter of section eight, township twenty, range two, east. The sheriff, by inadvertence, advertised the *north-east* (instead of *south-east*) quarter of section eight, and the misdescription was carried into the deed he executed to the appellees. It was clearly shown, that the land intended to be sold, and which was actually sold, was the south-east, and not the north-east quarter; and the misdescription in the advertisement of the sale, and in the deed, was a mere mistake committed by the sheriff. No evidence was offered that any injury had resulted from the mistake—that purchasers were misled, or that, if correctly described, the land would have sold for a greater sum. The court, on motion of the plaintiffs, permitted the sheriff to correct the deed, by striking out the north-east quarter, and inserting the south-east quarter,

so that, in the description of the lands, the deed would conform to the order of sale, and pass the lands really sold and intended to be conveyed; and no evidence being given in defense, and the judgments, orders of sale, and the sale and conveyance being proved, instructed the jury, that the plaintiffs were entitled to recover. The defendants objected to the correction of the deed; the objection was overruled; and exceptions were reserved to the instructions given the jury, and to the disallowance of the objection to the correction of the deed.

The case is thus resolved into a single question—the authority of the court to order the correction of the deed, and the effect of such correction: whether, if properly allowed, it has relation to the time of the sale, and will support the present action commenced before it was made. Courts exercise over ministerial officers, whose duty it is to issue or execute their process, a general superintendence and control, not only to prevent the abuse, but to direct and compel the proper execution of such process.—*Mobile Cotton Press v. Moore*, 9 Port. 679. " The power of the sheriff, in this State, under *fieri facias*, to sell land, receive the purchase-money, indorse the sale and receipt of the purchase-money on the *fieri facias*, and execute a conveyance to the purchaser, is not a mere naked power, but a power coupled with a trust. It is a power which it is the duty of the sheriff to execute made his duty *by law*, which has given him an interest extensive enough to enable him to discharge it. It is not given him as a mere power, but as a trust and duty which he ought to fulfill; and his omission to do so, by accident or design, ought not to disappoint the object for which the power in the nature of a trust was conferred by the law."—*Stewart v. Stokes*, 33 Ala. 494.

The only difference between the power and duty of a sheriff under a *fieri facias*, and under an order directing him to sell specific property, is, that in the latter case, his authority is confined to the particular property—he can sell and convey no other. His duty to sell and convey is the same as if he had levied on it a *fieri facias*. A sale by him, improperly made, the court, on a proper application, would set aside. From the process of the court, his authority to sell, and to execute the statutory power of conveying, is derived. The purchaser could obtain from the court an order compelling a conveyance, if, on demand, he refused to execute it. No other court than that from which the process issued could compel him to convey. Courts of equity do not, except in peculiar cases, to relieve against fraud or accident, intervene to aid the execution of mere statutory powers. Mistakes

will occur in the execution of official deeds, as they often occur in deeds or contracts between individuals in private transactions. The security of suitors, and of purchasers, requires that the court issuing the process, having an inherent power to superintend and control its execution, should intervene, and correct such mistakes.

If a sheriff, directed to sell particular property, should, by accident or design, sell other property, the court could not hesitate to vacate the sale, though it may be void. If he should really sell other property, but his conveyance should recite a sale, and should convey the property ordered to be sold, it would be the duty of the court to prevent the abuse of its process, by setting aside the sale. Or, if an irregular sale, of prejudice to the parties in interest, is made, the court has power to vacate it. The power of the court is plenary for the correction of the misfeasance, malfeasance, or nonfeasance of its ministerial officers, in the issue, or in the execution of its process. Where a sheriff, by mistake, in the conveyance to the purchaser, misdescribes the lands he has sold, he may, under the supervision of the court from which the process issued, make a new deed, describing the lands sold properly.—*Ware v. Johnson*, 55 Mo. 500; Freeman on Executions, § 332. Such a mistake, in a deed made by an individual, could be corrected by the execution of a new deed, or by any proper instrument in writing, between the parties. The sheriff is the officer of the court, and may be by the court compelled to do that which he ought to do as an individual, if acting individually, and his individual rights were involved. A court of equity alone would have jurisdiction to reform the deed, and conform it to the intention of the parties, if it was not made officially by the sheriff. The court of law, in compelling the correction of such mistakes, does not infringe the jurisdiction of a court of equity. It exercises only its inherent power to superintend the execution of its process, for the protection of its suitors, and of purchasers at sales made by authority of its process. The manner in which the correction is made, must rest largely in the discretion of the court. Ordinarily, the court should order a new deed to be executed, and the former deed surrendered and cancelled, avoiding the registration of two seemingly inconsistent conveyances, and the existence of a conveyance which, it may be, would cast a cloud on the title of the lands the first conveyance improperly purports to pass. But when, as in this case, the conveyance is of several parcels of land, one of which only is misdescribed, we cannot say the court errs, in directing the correction of that error, by striking out the erroneous, and inserting the correct description, there

being in the presence of the court a redelivery of the convey-
ance.

What may be the operation of the new or corrected deed,
except as between the parties to the process, the sheriff, and
the purchaser, is not an inquiry involved in this case ; and
we say nothing as to the rights of strangers, or purchasers,
not having notice of the mistake.

The new or corrected deed stands in the place of the origi-
nal deed, and takes effect from the day of its execution. Its
purpose, and its whole operation, is to give effect to the sale.
No new rights are acquired by it—simply, the only proper
and legal evidence of the rights the purchaser acquired at
the sale is given under the supervision of the court. When
a contract is reformed, by decree ; of a court of equity, the
contract as reformed speaks from the day it was made, and
not from the decree, for the decree merely ascertains and
declares the contract as it was intended when made. The
deed, as corrected under the order of the court, had relation
to its original execution, and from that day passed the right
to enter on the premises.—*Thornton v. Miskimmon,* 48 Mo.
219.

We find no error in the rulings of the Circuit Court, and
its judgment must be affirmed.