# Green *v.* Jordan.

## Statutory Action in nature of Ejectment.

1. *Setting aside sheriff's sale; possession of purchaser.*—When a purchaser at sheriff's sale under execution has received a conveyance, and entered into possession of the land, but the sale is afterwards set aside, and the deed vacated, his subsequent possession is that of a mere trespasser.

2. *When plaintiff may recover on prior possession only.*—As against a mere trespasser in possession, the plaintiff in ejectment, or the statutory action in the nature of ejectment, may recover on proof his prior possession only, without regard to his title.

3. *Title accruing after suit brought* —To authorize a recovery in ejectment, or the statutory action in the nature of ejectment, the plaintiff must have a legal title at the commencement of the suit, except as against a mere trespasser; and a title accruing after the commencement of the suit will not authorize a recovery, though the deed may be admissible evidence in support of a prior possession under an inchoate legal title.

4. *Description of lands in conveyance, or in complaint.*—In a conveyance of lands, or in a complaint, the lands being described as a particular quarter-section, "except two acres in the south-east corner," the

[Green v. Jordan.]

description is sufficiently certain and definite, the exception being construed to mean two acres in the corner bounded by four sides of equal length.

5. *Conveyance of part of land sued for; admissibility as evidence.* Where the lands sued for are described as the *east* half of a particular tract or parcel, a conveyance of the *south* half of the tract is admissible as evidence for the plaintiff, since the two parts overlap each other.

6. *Payment of taxes, as evidence of title.*—The payment of taxes on land, by a person in possession, is admissible evidence for him, as showing a claim of ownership, and the extent of his possession.

7. *Parol evidence as to writings* —When deeds, or other writings, are mentioned only incidentally by a witness, without any attempt to prove their contents, it is not necessary that they shall be produced, nor their absence accounted for.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by Georgia Ann Jordan, against J. J. Green and Mrs. C. J. Hooper, to recover the possession of a parcel of land, with damages for its detention; and was commenced on the 2d August, 1884. The land was described in the complaint as "the east half of the north half of the east half of the south-west quarter of section twelve, township nineteen, range twenty-six, excepting two acres in the south-east corner, containing eighteen (18) acres, more or less." The defendants demurred to the complaint, on the ground that "the description of the land sued for is vague, uncertain, and indefinite;" and their demurrer being overruled, they pleaded not guilty. On the trial, as appears from the bill of exceptions, the plaintiff claimed title under a conveyance to her from Stephen Holman, which was dated the 21st September, 1871, and recited the payment of $540 as its consideration; and another deed from said Holman, dated August 15th, 1884, after the commencement of the suit, which was executed for the purpose, as therein alleged, of correcting a mistake in the description of the land contained in the former deed. The defendants were in possession at the commencement of the suit, and at the date of this last deed to the plaintiff; and their claim of title was derived in this way: In 1878, J. J. Green, one of the defendants, commenced a suit by attachment against said Holman, as a non-resident, and the attachment was levied on said tract of land, with the other half of the forty-acre tract; and judgment by default being rendered in May, 1879, the land was sold by the sheriff under execution. and a conveyance executed to said Green and Geo. W. Hooper as the purchasers. This judgment was set aside, on motion of said Holman, in November, 1881; but the purchasers at the execution sale

[Green v. Jordan.]

continued in possession of the land until the death of said
George W. Hooper, which occurred in July, 1883; and after
his death, his widow (Mrs. C. J. Hooper) and said J. J. Green
continued in possession of the land until this action was
brought against them.    The plaintiff proved her possession
of the land for several years, under the deed of September
21st, 1871, and until her tenants were dispossessed by Green
and Geo. W. Hooper, as purchasers at the sheriff's sale; and
she offered in evidence both of the said deeds from Holman
to her.    In the first deed, the land was described as the *south*
half of the forty-acre tract; and the defendants objected to
its admission as evidence, on account of this variance, duly
excepting to the overruling of their objection.    They also ob-
jected to the admission of the second deed as evidence, because
it was executed after the commencement of this suit, and while
they were in the adverse possession of the land; and they duly
excepted to the overruling of these objections.    The defend-
ants offered in evidence, also, the record of a chancery suit
instituted by said Green and Geo. W. Hooper, after their
purchase at sheriff's sale, against the complainant; in which
they sought to set aside on the ground of fraud, and for want
of consideration, as clouds on their title, Holman's said deed
of September 21st, 1871, and a subsequent deed dated Feb-
ruary 14th, 1876, in which the tract of land was correctly
described; in which suit they obtained a decree setting aside
the latter deed, but relief was refused as to the former deed.
The dates of these several conveyances, and of the transac-
tions mentioned, as copied in the transcript, are very con-
fused, and may be incorrectly stated here.    The plaintiff
offered in evidence the deposition of said Stephen Holman,
taken on interrogatories, who mentioned the several convey-
ances above referred to, and others under which he acquired
the land, and stated the circumstances under which they
were executed; and the defendants excepted to the admission,
against their objections, of each part of his deposition relat-
ing to any part of these conveyances, unless the deeds were
produced.    The plaintiff offered in evidence, also, several re-
ceipts of the tax-collector for the taxes on the land, from
1871 to 1879, both inclusive: and these receipts were admit-
ted as evidence, against the objection and exception of the
defendants.    These rulings of the court on the evidence, with
several charges given, and the refusal of several charges
asked, are now assigned as error.

[Green v. Jordan.]

Jno. M. Chilton, for appellants.

Geo. P. Harrison, Jr., *contra*, cited *Wilson v. Glenn*, 68 Ala. 383; Tyler on Ejectment, 72–3; *Wilkinson v. Roper*, 74 Ala. 140; *Ridgway v. Glover*, 60 Ala. 181; 48 Mo. 219.

SOMERVILLE, J.—1. The setting aside of the sheriff's sale of the lands in controversy, and the vacating of the sheriff's deed under which the defendants claimed title, annulled the only muniment of title which they had, and left them in the possession of the lands, thereafter, as mere trespassers.—*Scranton v. Ballard*, 64 Ala. 402.

2. The plaintiff might, therefore, be entitled to recover against the defendant, on the strength of her prior actual possession of the premises, apart from the validity or sufficiency of the muniments of title introduced by her.—*Wilson v. Glenn*, 68 Ala. 383; *Eakin v. Brewer*, 58 Ala. 579.

3. The deed of August 15th, 1884, having been executed by Holman to the plaintiff after the commencement of this suit, would not avail to support a recovery in this action, and was improperly admitted in evidence. It may be that the plaintiff had an equitable title to the land obtained through Holman's deed executed to her in September, 1871, in which there entered a mere mistake of description, and that a court of equity would perfect her title by compelling specific performance. But courts of law take no cognizance of equitable estates. They deal only with legal titles.—*Hooper v. C. & M. Railway Co.*, 78 Ala. 213. To support ejectment, the plaintiff must have title at the commencement of the suit, and a title subsequently accruing will not authorize a recovery.—*Goodman v. Winter*, 64 Ala. 411; *Pollard v. Hanrick*, 74 Ala. 334. It has accordingly been held by this court that the admission in evidence of a patent, issued since the commencement of an action of ejectment, is error, except where a *legal* inchoate title to the same land, sufficient to maintain the suit, had previously been shown in evidence. It is then admissible only to repel the attack on the previous inchoate right.—*Johnson v. McGehee*, 1 Ala. 186; *Jones v. Inge*, 5 Port. 327; *Bullock v. Wilson*, 5 Port. 338. Under this principle, the deed in question should have been excluded. It did not relate back to the commencement of the suit, under the doctrine of relation. An equity can not be thus perfected into a legal title, after suit brought, by voluntary conveyance, so as to support an action of ejectment which would

[Green v. Jordan.]

otherwise not be maintainable.—Trial of Title to Land (Sedg. & Wait.), 2d ed., §§ 454, 495, 541, 795.  The case of *Ridgway v. Glover*, 60 Ala. 181, involved the execution of a sheriff's deed, made under order of court, and in its presence; and may, on that ground, be distinguished from the case of a voluntary conveyance, if that decision can be sustained at all as sound in logic, or as supported by authority.

4.  The description of the land in the complaint, as well as that in the deed of September, 1871, from Holman to the plaintiff, was sufficiently certain and definite.  The phrase, "except two acres in the south-east corner," must be construed to mean two acres, in such corner, lying in a square, and bounded by four equal sides.—*Doe v. Clayton*, 81 Ala. 391; *Wilkinson v. Roper*, 74 Ala. 141; *L. & N. R. R. Co. v. Boykin*, 76 Ala. 560.

5.  The deed on its face included a portion of the land described in the complaint, the deed describing the *south* half of a certain tract, and the complaint describing the *east* half of the same tract.  The one, therefore, overlapped the other in part, and the objection to the admission of the deed in evidence was for this reason properly overruled.

6.  The payment of taxes on land, taken in connection with an actual possession by the tax-payer and other facts in evidence, tended to show both a claim of ownership, and the extent of the claimant's possession.  Tax-receipts, therefore, showing such payments, are admissible in evidence, when offered in support of actual possession.—*Baucum v. George*, 65 Ala. 259; *Jay v. Stein*, 49 Ala. 514; Angel on Limitations, § 396, note 6; § 397.

7.  The parts of the deposition of Stephen Holman, to which objections were taken, contained mere incidental references to certain deeds of conveyance.  No effort was made to prove the contents, or legal effect of such writings.  It was unnecessary, therefore, to produce the writings, or account for their absence, in order thus to legalize a mere mention of their existence.—*Hancock v. Kelly*, 81 Ala. 368.

The judgment is reversed, and the cause remanded.