STRAIN, Respondent, v. MURPHY, Appellant.

1. *Evidence, secondary — Contents of deed.* — Before being permitted to intro-
duce the record copy of a deed, the person so desiring must account for the
non-production of the original by showing that it is not within his power. This
will be sufficiently established by proving that the custodian of the deed has
made diligent search for it and cannot find it.

2. *Judgment — Sheriff's deed — Sale—Revival of judgment—Execution, issue
of.* — An execution may be issued upon a judgment, the record of which had
been mutilated or destroyed, without waiting to have it re-entered as provided
by the act of 1864 (Sess. Acts 1863-4, pp. 44-5).

3. *Sheriff's deed — Title — Execution of deed.* — A sheriff's sale, although
manifested by a writing signed by the sheriff, does not pass the title of the
debtor. To do this a deed must be executed by the sheriff.

4. *Sheriff's deed—Relates back—Intervening rights of strangers.* — A sheriff's
deed, as to the debtor and his privies, relates back to the time of the sale, but
not so as to cut out the intervening rights of strangers.

5. *Ejectment — Trespasser.* — In an action of ejectment, a mere trespasser can
not raise the question of notice as between other parties.

6. *Sheriff's deed — Recital — What particularity required.* — A sheriff's deed is
not bad because its recitals omit the day of the month when the sale was made,
where they show that the sale was made during the term of court and while
the court was actually in session.

*Appeal from Dade Circuit Court.*

*Sherwood, Young & Bray,* for appellant, cited in argu-
ment Faust v. Echols *et al.*, 4 Coldw. 397; Fleece v. Gordu,
1 Dav. 306; McClain v. Winchester, 17 Mo. 49.

*Parkinson & Bicknell,* and *Hardin & Buller,* for re-
spondent.

I. The statute of 1864, to supply lost records, was a repeal of
all common-law remedies upon lost judgments. It gives new
and substantial remedies to the creditor. The statute does not,
afford merely a cumulative remedy. Such an interpretation
overthrows the reason of its enactment. It was intended to
provide record evidence and leave nothing at the mercy of parol
testimony. (Sedgw. Const. & Stat. Law, 113, 323; 5 Abb.,
N. Y., Dig. 94; Sess. Acts 1863-4, p. 45, §§ 3, 4; Dash v.
Van Kleek, 7 Johns. 477 *et seq.*; Brown v. King, 39 Mo. 380;

Strain v. Murphy.

Broom's Leg. Max. 113 ; Humphrey v. Lundy, 37 Mo. 320 ; Besshears v. Rowe, 46 Mo. 501.)

II. No one would buy land at sheriff's sale if, upon examination of the records of the court from which the execution emanated, he could find no judgment whatever. There could manifestly be no fair sale under such circumstances. But no injury could result to the creditor by requiring him to restore his judgment under the statute before issuing execution, for his restored judgment would take its lien from the date of the original judgment. (See Gen. Stat. 1865, ch. 33, p. 184, § 15, which is similar to the Session Acts of 1863–4, *supra*.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment brought by the respondent against the appellant for several town lots in the town of Greenfield in Dade county. The petition and answer were in the usual form. The case was submitted to the court, and the finding and judgment were in favor of the respondent for the recovery of the possession of the lots, and damages and costs.

Both parties looked to one W. W. Holland as the common source of title. The appellant, however, did not connect himself or offer to connect himself with this title ; his object being merely to show an outstanding title derived from the same source as that of the respondent. That being the case, we must take it for granted that Holland's title was good. To maintain the issue on his part the respondent produced the record of a conveyance to himself from said W. W. Holland and wife, with certificate of acknowledgment and the clerk's entry of filing for record, all of date January 27, 1868, having first proved that the original could not be found after search by the parties with whom the same had been deposited.

This record of the deed was read against the objections of the appellant, who saved his exceptions. Respondent then introduced and read in evidence a deed from Pharaoh Cook and wife to said Holland, of date September 30, 1865, and the record of a deed from Holland and wife to Pharaoh Cook, of date September 5, 1863. This record was introduced against the objections of the

appellant, after a foundation had been laid by testimony to show that the original was not in the power of the respondent. The respondent then introduced Holland as a witness, who testified that he took possession of part of the lots in 1852, and the remainder in 1854, and continued to reside there, claiming the property as his own, till 1865; and the respondent then proved the value of the rents and profits, and rested. The appellant, to maintain the issue on his part, relied on a sheriff's deed executed by S. E. Shaw, former sheriff of Dade county, for the premises in dispute, to Rankin, Garrett & Montgomery, of date October 22, 1869, being after the commencement of this suit. The recitals of this deed show that it was founded on a judgment in favor of said Rankin, Garrett & Montgomery, of date of November 12, 1862, recorded in Dade Circuit Court against said Holland and one J. M. Montgomery for $1,174.40, and execution thereon of date July 15, 1865, and sale October 27, 1865. He then introduced a deed in fee with full covenants, etc., from said Rankin, Garrett & Montgomery to Mary J. Murphy for said premises, of date January 18, 1868; and for the purpose only of showing notice of an outstanding title, offered to introduce a sheriff's deed from the same sheriff on same judgment execution and sale, dated November 4, 1865, which did not contain the recital of the exact day of the month when the sale took place; but in every other respect the recitals seem to be the same as the deed of 1869. The court excluded this deed as being inadmissible for the purposes offered, and the appellant excepted; and the appellant then introduced J. D. Montgomery to prove that he entered into possession after his purchase in 1865, and here closed his evidence.

The respondent, as rebutting evidence, read the record of a judgment of revival of the first-named judgment in favor of Rankin, Montgomery & Garrett, against Holland, which was rendered under the statute of 1864, at the November term, 1865, of the Dade Circuit Court, reciting that no execution had been issued on the first judgment. And then he introduced evidence to the effect that in 1863 the clerk left the record-book at a brick house; and when he returned and recovered the book he found that about fifty-seven pages had been cut out, and that the record

was now in about the same condition as he found it. On inspection of the record-book there were no entries therein of any court being held in 1862.

The appellant then offered to read what purported to have been the execution under which the levy and sale were made in October, 1865, as recited in the sheriff's deed, which was under the hand and private seal of the clerk, reciting that there was no official seal. The court excluded this execution, and the appellant excepted.

The evidence being closed on both sides, the respondent asked two declarations of law and the appellant twenty-six; those of the respondent were given and the appellant's refused.

In regard to the admissibility of secondary evidence of deeds, etc., the rule is that the party must first account for the non-production of the originals by showing that they are not within his power. This was sufficiently established in this case by proving that the custodians of these deeds had made diligent search for them and could not find them. We see no reasons for disturbing the rulings of the Circuit Court on this subject.

But the main question in this record is the effect to be given to the sheriff's deed of 1869, which was relied on by the appellant as showing an outstanding title. The question as to whether the clerk had the right, on the application of the plaintiffs in the original judgment, to issue an execution after the destruction of the record-book, or that part of it containing the record of the judgment, may be passed with the remark that we have no hesitancy in saying that the judgment debt was not destroyed notwithstanding the destruction of that part of the book containing such judgment. The mutilation of the record-book left the judgment in full force, and the plaintiffs in the judgment had the right to have an execution without waiting to revive it under the law of 1864.

But the sheriff's deed of 1869 was not made till after Holland had sold the lots and bought them back, and sold them again to the respondent. Now the question is, can this sheriff's deed, by relation to the time of sale, overrule these several transfers?

It is well settled that a sheriff's sale, of itself, although it may

be manifested by a writing signed by the sheriff, does not pass the title of the debtor. To do this a deed must be executed by the sheriff. This is clearly the case in this State, as the statute law requires a deed to be made containing certain recitals ; and until this deed is made no title passes. When the deed is made it relates back to the time of the sale, as to the debtor and his privies. But this is a mere fiction of law which is not allowed to operate so as to cut out the intervening rights of strangers. So in this case the sheriff's deed of 1869 could not destroy the rights of the respondent, who was a stranger to the debtor and had acquired the property by purchase before this deed was made. See Alexander & Betts v. Merry, 9 Mo. 510, and the authorities there cited, where this subject is discussed with ability by Judge Scott, and the principles here laid down are fully sustained by the court in that case.

The first sheriff's deed, which was made in 1865, on a levy of the execution before the expiration of the judgment lien, was offered alone for the purpose of showing that the respondent had notice of this execution sale at the time he purchased. This question of notice was not in this case at all. The appellant did not connect himself in any manner with the title derived from Holland. So far as the record shows, he was a mere trespasser, and was only attempting to show an outstanding title.

We can only pass upon such matters as were passed on by the Circuit Court, and the only point passed on in regard to this deed was that it could not be admitted as evidence to show notice. In this we think the Circuit Court committed no error. We give no opinion as to the validity of the sheriff's deed of 1865. I am inclined to think that the omission in its recitals of the day of the month when the sale was made did not destroy its validity. The recitals show that the sale was made during the October term, 1865, of the Dade Circuit Court, and while the court was in session, and upon a notice of the time and place of sale, etc. I think this deed in its recitals substantially complied with the statute, and I make these remarks without intending to repudiate the doctrines laid down by this court in the case of Tanner v. Stein, 18 Mo. 580. (See Stewart v. Severance et al., 43 Mo. 322.)

As before remarked, this deed was not offered except for the single purpose of showing notice of this sale to the respondent, and it was properly excluded.

We do not intend by our decision in this case to compromise in any manner the rights of Mary J. Murphy. If she sees fit to assert her rights hereafter, it will then be time enough to pronounce upon them.

As this case must be disposed of on the views here set forth, it is unnecessary to pass upon the numerous declarations of law asked at the trial, or upon the question of the admissibility of the execution which was issued on the original judgment. Upon the whole record we think the judgment was for the right party. Let it be affirmed. The other judges concur.