RICHARD H. PORTER, Respondent, v. E. J. MARINER, Appellant.

1. *Sheriff — Constitution — Retroactive laws — Vested rights.* — The act of March 23, 1863 (Sess. Acts 1863, p. 20), authorizing the issue of an execution of *venditioni exponas* upon a levy theretofore duly made, with a clause for further levy after exhausting the property levied on, is not retroactive, nor does it divest any vested right, but it is simply in the nature of a remedy to enforce an existing right.
2. *Sheriff — Levy — Deed by successor of the term of office.* — Under the act of 1855, touching executions (R. C. 1855, p. 750, § 6; Wagn. Stat. 613, § 61), a sheriff may, after expiration of his term of office, make a deed to land levied on by his predecessor. And he may do so without any order of court.
3. *Execution — Levy, date of prior to that of execution, etc.* — The dating of a levy made under an execution, before the date of the issue of the execution, will not vitiate it.
4. *Sheriff, deed by — Relates back, etc.* — A sheriff's deed relates back to the time of the sale, as to the defendant in the execution and his privies, and as to strangers purchasing with notice, and vests the title in the execution purchaser from that time.

*Appeal from Jackson Circuit Court.*

*A. Comingo,* for appellant.

The fact that the sheriff had not made the levy, in no manner abridged his power to execute a deed after the expiration of his term of office. (See Hunter v. Miller *et al.*, 36 Mo. 147; Duncan v. Matney, 29 Mo. 375.)

*H. B. Johnson* and *Jas. S. Botsford*, for appellant.

I. Hayden was the proper officer to make the deed. (Duncan v. Matney, 29 Mo. 335 ; Hunter v. Miller, 36 Mo. 147.)

II. The deed, when made, took effect by relation from the date of the sale. (Alexander & Betts v. Merry, 9 Mo. 514 ; Crowley v. Wallace, 12 Mo. 143 ; Thornton v. Miskimmon, 48 Mo. 219 ; Jackson v. Ramsay, 3 Cow. 75 ; Colyer v. Higgins, 1 Duvall, 7.)

III. The act of the Legislature, extending the lien of the judgments, was not unconstitutional. It only affected the remedy, but not any vested right.

IV. The executions were in force and valid at the time of levy ; at least they are valid until the sale is attacked by a direct proceeding. (Groner v. Smith, 49 Mo. 318.)

*Gage & Ladd* and *Woodson & Sheley*, for respondent.

All and both of the renewal executions are null and void, and the deed was therefore void and properly excluded. (Turner *et al.* v. Keller *et al.*, 38 Mo. 332.)

The case of Wood v. Messerly, 46 Mo. 255, puts the validity of the act of 1863, with reference to that execution, upon the ground of " the act of 1863 going into effect a few days before the expiration of the execution." The case of Lackey v. Lubke, 36 Mo. 115, decided that prior to the act of 1863 an execution and levy became *functus officio* after the second term from the return.

The only case in which an ex-sheriff is authorized to execute a deed for property sold by him as sheriff, is where he has also levied upon the property. (R. C. 1855, p. 749, ch. 63, § 62.)

ADAMS, Judge, delivered the opinion of the court.

This is an action of ejectment. The defendant claimed title from plaintiff under a sheriff's deed. The court excluded this deed and rendered judgment for plaintiff. The deed purports to have been executed by John G. Hayden, late sheriff of Jackson county, September 22, 1869, and recites :

1. A judgment of the Jackson Circuit Court, rendered on the 15th day of March, 1858, in favor of Smart and Chrisman, admin-

istrators of Smith, against plaintiff Porter; and under that judgment execution issued January 16, 1861, to the sheriff of Jackson county, returnable to the March term, 1861, and on the 29th day of February levied on the premises sued for; that Burrus, the then sheriff, advertised the property for sale, and did not sell for the reason that no court was held for civil business; that on the 16th of February, 1865, another and new execution was issued by the clerk upon said judgment, directed to the sheriff of said county and returnable to the March term, 1865, in which last execution said former execution and the levy thereof were recited, and also that said real estate was not sold, in consequence of no court having been held at the first and second terms after said levy and the return of said execution, and by which said last execution the sheriff is commanded to cause to be made the debt and costs of said judgment out of the property levied on under said first execution until exhausted, and then of other goods and chattels, etc.

2. A judgment of the same court in favor of George W. Buchanan, administrator, against plaintiff and others, rendered at the March term, 1860, on the 22d day of March; execution, levy, advertisement, failure to sell, return, and new execution of same date and in same form as under the first judgment, except that the execution is recited to have issued the 30th of January, 1861, and to have been levied on the —— day of ——, 1861.

3. A sale under said renewed executions, March term, 1865, to one Peacock, from whom defendant shows title.

The defendant read in evidence the judgments and the several executions and returns thereon, referred to in the sheriff's deed. The execution in favor of Buchanan is dated January 30, 1861, and the return says it was levied January 29, 1861. The levies were on both real and personal property belonging to the plaintiff Porter, and one of the executions was also levied on some personal property belonging to Phelps, one of the defendants in the execution, for which he gave a delivery bond and forfeited it.

1. The first point I will notice is Hayden's authority to make this deed. Burrus, who was the sheriff when the first executions were issued, made the levy and returned the executions, without any sale of the property levied on, and died. Then the new

executions, which in fact were in the nature of executions of *venditioni exponas*, with a clause for further levy after exhausting the property levied on, were issued in 1865 to Hayden, the then sheriff, under the act of the Legislature of March 23, 1863. The first section of this act expressly authorized this kind of execution to be issued on levies which had been made at the time of the passage of the act. A *venditioni exponas* might have been issued on this levy without regard to the statute. But the statute not only authorizes a *venditioni*, but an additional clause for a new levy in case the old levy was not sufficient. This part of the statute is not retroactive. It does not divest any vested right, but is a remedy to enforce an existing right. I can see no force in the objection that it is unconstitutional. I know of no provision of the constitution that is violated by permitting a plaintiff in a judgment to enforce it by new remedies. (See Bolton v. Landsdown, 21 Mo. 399.) There is no question but that Hayden, who made the sale, could also have made the deed, when he made the sale. But his term of office expired before he made the deed, and it is contended that no sheriff except the one who made the levy can make a deed after the expiration of his term of office. That seems to be the strict letter of section 62 of chapter 63, R. C. 1855, p. 749. The officer who made the levy died, and if he had not died there would have been no doubt that he could have gone on and made the sale, and after the expiration of his term he could have made the deed under section 62. But section 63 provides for the case under review. Under that section, when an officer dies after having made a levy and before a sale, " the sheriff or coroner then in office shall proceed therein and do and perform all things remaining to be done and performed in relation to such execution, and the sale of such property and the making and executing deeds and conveyances therefor, in the same manner and with like effect as the officer so deceased, removed from office or disqualified would have done." (R.C. 1855, p. 750.)

If the deceased officer, in case he had lived, could have made a deed after his term had expired, so can the officer who makes the sale of the property levied on. And in fact he is the only party

to make the deed, and can do so without any order of the court. If he should die or remove from the State, or be removed from office or otherwise disqualified, an application must be made for an order on the sheriff then in office to make the deed, under section 64, R. C. 1855, p. 750. As none of these contingencies had occurred, Hayden, as late sheriff, was the proper person to make the deed.

The levy of one of the executions being dated the day before its issue, is an evident clerical mistake and does not vitiate it.

2. The point made, that the executions were satisfied, is not borne out by the facts. The levies were made at the same time on real and personal property. But the real estate alone was sold, and the presumption is that the personal property went back to Porter. The personal property belonging to Phelps was kept by him on bond, which he forfeited. The statute expressly declares that in such case the execution may be levied on other property.

3. A sheriff's deed relates back to the sale, as to the defendant in the execution and his privies, and as to strangers purchasing with notice, and vests the title in the execution purchaser from that time. (See Strain v. Murphy, 49 Mo. 337; Groner v. Smith, 49 Mo. 318.) It is no objection, therefore, that the deed was made after the commencement of this suit.

Judgment reversed and the cause remanded. The other judges concur.