|  |  |
|---|---|
| 74 | 49 |
| 99 | 89 |
| 74 | 49 |
| 107 | 401 |
| 74 | 49 |
| 130 | 219 |

LEWIS v. CURRY, *Appellant.*

1. **Mortgage of Homestead.** In order to make a valid mortgage of the homestead, it was not necessary under the Homestead Act as contained in Wagner's Statutes, page 697, that the wife should join in executing it. *Aliter* since the amendment of 1873. See R. S. 1879, § 2689.

   **Sheriff's Deed:** RECITALS. The recitals of a sheriff's deed executed upon a sale under a decree of foreclosure of a mortgage are *prima facie* true, the same as in case of an ordinary execution sale.

3. ——. It is no objection to a sheriff's deed that the judge of the court before which it was acknowledged is the grantee.

4. **Ejectment.** Plaintiff in ejectment may recover upon a deed obtained after the date of the demise laid in the petition.

5. **Practice in the Supreme Court.** If the judgment is right, it will not be reversed for error committed against the respondent.

*Appeal from Andrew Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

On the 5th day of October, 1865, defendant Curry mortgaged the premises in controversy, situated in Worth county, to plaintiffs Geo. W. Lewis and Samuel A. Richardson. The mortgage debt not being paid, plaintiffs instituted a suit for foreclosure, and on the 13th day of November, 1875, obtained a decree, on which execution was issued, and under this execution the mortgaged premises were sold on the 24th day of April, 1876, plaintiffs becoming the purchasers. In pursuance of this sale they received a deed from the sheriff of Worth county. This deed was acknowledged on the 27th day of April, 1876, before the circuit court of said county, the plaintiff Samuel A. Richardson being at the time judge presiding over said court. Defendant refusing to deliver possession, plaintiffs, on the 5th day of April, 1877, brought this action of ejectment. The petition was in the usual form, and alleged that plaintiffs were entitled to the possession of the premises on the 1st day of March, 1876, and were dispossessed on the day following. Defendant claimed the premises under the Homestead Act. Plaintiffs had judgment and defendant appealed.

*Johnston & Jackson* for appellant.

1. The court erred in admitting the sheriff's deed because the same was executed after the demise laid in the petition, and because the deed was acknowledged before the plaintiff Richardson; a grantee cannot take and certify the acknowledgment of a deed to himself. *Buxton v. Carter*, 11 Mo. 481; 8 Pet. 214, *Coxe v. Joiner*, 3 Bibb 297; *Wood v. Grundy*, 3 Har. & John. 13; Tyler on Eject., 383; *Stevens v. Hampton*, 46 Mo. 404.

2. The prime object of the legislature, in enacting the homestead law, was to protect the wife and family against the improvidence of its head, and the law should be so construed as to accomplish that object. *Vogler v. Montgomery*, 54 Mo. 583; *Cox v. Wilder*, 2 Dill. C. C. 46. For this reason it is necessary to hold that the husband has no power to mortgage the homestead without the wife's concurrence.

3. The court erred in finding for plaintiffs on the mortgage given in evidence, because it was merged into a judgment of foreclosure and constituted no more a subsisting title on which ejectment could be maintained until sale and deed; and then the sheriff's deed would constitute the title upon which the right to the possession would depend; for the mortgagees might not be the purchasers and until it was ascertained who would receive the sheriff's deed it could not be determined who would be entitled to maintain the action. *Davenport v. Turpin*, 43 Cal. 597; Freeman on Judg., §§ 215, 216; *Butler v. Miller*, 1 N. Y. 496; *s. c.*, 1 Den. 407. The mortgage being merged, and the sheriff's deed being adjudged insufficient to authorize a recovery by plaintiffs, there was nothing left on which to base the judgment. The mortgage having performed its office and been merged, was *functus officio*, and the relation of plaintiffs to defendant Curry was that of judgment creditors with special lien, and under our statute, a general lien over. 2 Wag. Stat., § 9, chap. 99. Such relation will not authorize the recovery, in ejectment, of the land to which such special lien attaches.

*Edwards & Ramsay* for respondents.

The mortgage did not require Mrs. Curry's signature to make it valid. In every state where the courts have held the wife's signature essential, they have done so by virtue of some express statutory or constitutional provision. *Stewart v. Mackey*, 16 Tex. 56; *Jarboe v. Colvin*, 4

Bush (Ky.) 70; *Gee v. Moore*, 14 Cal. 472; *Davis v. Andrews*, 30 Vt. 678; *Guiod v. Guiod*, 14 Cal. 507; *Brennan v. Wallace*, 25 Cal. 108; *McQuade v. Whaley*, 31 Cal. 526; *Phillips v. Springfield*, 39 Ill. 83; *Getzler v. Saroni*, 18 Ill. 511; *Titman v. Moore*, 43 Ill. 170; *Williams v. Swetland*, 10 Iowa 51; *Larson v. Reynolds*, 13 Iowa 579; Code of Iowa, 1851, § 1247; Revision 1860 and Revision 1873, § 1990; Ib., 2279; *Hoyt v. Howe*, 3 Wis. 752; *Phelps v. Rooney*, 9 Wis. 70; *Platto v. Cady*, 12 Wis. 461.

## I.

Sherwood, C. J.—In order to make a valid mortgage of the homestead, it was not necessary, as the law stood at the time that the mortgage was made, (1 Wag. Stat., 697, § 1,) that the wife should join therein. For this reason the mortgage must be adjudged valid, and that it passed whatever of homestead right, if any, which defendant possessed.

## II.

It is unnecessary to discuss the point whether the mortgage was merged in the judgment of foreclosure or not. There was a judgment of foreclosure; this is admitted, and if such admission had not been made, the deed of the sheriff established the fact; and the recitals of the deed are *prima facie* true. 1 Wag. Stat., p. 612, § 54; *McCormick v. Fitzmorris*, 39 Mo. 24. And the section just cited is broad enough to cover all sales under execution— sales under judgments of foreclosure, as well as ordinary execution sales.

## III.

There is no objection to the sheriff's deed because of its acknowledgment, either as to form or substance. The acknowledgment was not taken before the Hon. Samuel A. Richardson, one of the grantees in the deed, but it was taken before the court over which Judge Richardson pre-

sided.  *McClure v. McClurg*, 53 Mo. 173.  As the deed had to be acknowledged in open court, it, of necessity, had to be acknowledged in the court from whence the execution issued, else the acknowledgment could not have been taken at all, since the statute does not authorize the judge of an adjoining circuit to be called in to sit and hold court for the mere purpose of taking the acknowledgment of a sheriff's deed.  These considerations sufficiently show that the rule ordinarily applicable where an acknowledgment is taken before an individual, as for instance a notary, who is named as a grantee in the deed, does not apply to cases of this sort.

## IV.

There is nothing in the point that " the demise laid in the petition, is the 1st day of March, 1876, while the deed was made on the 27th day of April, 1876," for so far as concerns the debtor and his privies, the deed of the sheriff relates to the time of the sale.  *Lackey v. Seibert*, 23 Mo. 85 ;  *Thornton v. Miskimmon*, 48 Mo. 219 ;  *Strain v. Murphy*, 49 Mo. 337 ;  *Porter v. Mariner*, 50 Mo. 364.

## V.

The circuit court, after properly admitting, excluded the sheriff's deed.  This was error, as seen above, but inasmuch as the judgment in favor of plaintiffs was correct, we affirm it.  All concur.