BOYD, *Appellant*, v. ELLIS.

DIVISION ONE.

1. **Judgment**: SERVICE : COLLATERAL ATTACK. A judgment against two persons, one of whom is served and the other not, is not void as to the person served. As to the latter, the judgment is valid, especially in a collateral proceeding.

2. **Tax Sale**: VERIFICATION OF ASSESSMENT BOOKS : IRREGULARITY OF ASSESSMENTS. A sale under a tax judgment is in no way affected by the fact that the assessment books were not verified, nor does it matter how irregular the assessments may have been, as such things are matters of defense in the tax suit, and if not made then they are not afterwards open to inquiry.

3. ———: TITLE : TAX DEED : RELATION. While the title of a purchaser at a tax sale does not pass until after the execution of the sheriff's deed, yet such deed relates back to the sale as against the defendant in the execution, those in privity with him and strangers with notice.

4. **Tax Deed**: PRIORITY. A tax deed takes precedence over a prior deed, made by the defendant in the tax suit after judgment therein and after sale, to one having notice of such judgment, not only because it relates back to the sale, but because the tax lien is paramount to all other liens and claims, and this is true although the tax deed was made after commencement of ejectment by the holder of the prior deed.

5. **Tax Judgment, Lien of**: MERGER. A judgment in a tax suit is special and constitutes a lien on no other property than that upon which the taxes were assessed. Such lien is not merged in the judgment lien so as to expire, like a general judgment lien, in three years, but is more like a mortgage lien.

6. **Tax Judgment, Notice of**: INNOCENT PURCHASER. One who purchased without knowledge of a tax sale is not an innocent purchaser, where he had notice of the tax judgment which could have been enforced as an existing lien.

*Appeal from Greene Circuit Court.*— W. E. BOWDEN, ESQ., Special Judge.

AFFIRMED.

*T. J. Delaney* for appellant.

( 1 ) The defense put in evidence the mortgage by Krudwig to Husted for two purposes : *First.* To defeat plaintiff by showing an outstanding legal title. *Second.* To claim under the tax title on assessment suit and sale against Husted for year 1876. Said mortgage was not admissible for either purpose: *First.* The outstanding mortgage cannot be invoked by defendant unless he is in privity with Husted. *Woods v. Hildebrand*, 40 Mo. 284 ; *Jackson v. Magruder*, 51 Mo. 55 ; *Hardwick v. Jones*, 65 Mo. 54. There is no evidence of entry for condition broken. *Second.* In the second place the sale, if valid, did not operate as an assignment of the Husted note. *Watson v. Hawkins*, 60 Mo. 550 ; *Noel v. Gaines*, 68 Mo. 664. The note is the principal, and the mortgage the incident. *Hagerman v. Sutton*, 91 Mo. 519. So if defendant acquired any interest whatever by this tax sale it is an original title which must have a valid judgment to sustain it. ( 2 ) The judgment in the case against Husted for the taxes for the year 1876 is void. *First.* The assessment for the year 1876 was not made out in a new book. *Second.* The assessment book for 1875, upon which it was based, was not verified by the assessor. *Third.* There was no assessment against said Husted. In the alleged supplemental list the lot is assessed against B. W. Hulsted. *Fourth.* An ordinary summons issued in the cause directing him to summon B. W. Husted ; the return certifies that B. H. Husted cannot be found, and on this return an order of publication was made against B. W. Husted. There was no allegation or affidavit in original petition of non-residence. *Fifth.* The mortgage is to Benjamin W. Husted, while the publication is against B. W. Husted. *Skelton v. Sackett*, 91 Mo. 377; *State ex rel. v. Cook*, 82 Mo. 185. Hence no title passed and judgment can be assailed collaterally. ( 3 ) The

judgment against B. W. Husted, Matthias Krudwig and Jacob Black for the taxes of 1874 is void. *First.* There is no new assessment book for the year 1874. *Second.* The assessment book for 1873 upon which the book of 1874 is based was not verified by affidavit of assessor. *Third.* There was no assessment for this year against either of said defendants. *Fourth.* There was no service either personal or by publication against Husted. *Fifth.* Jacob Black had no interest in the land. *Sixth.* There are three defendants named in petition, and the affidavit to support publication is that "the defendant is a non-resident of this state." This does not confer jurisdiction. (4) The judgment against B. W. Husted, Matthias Krudwig and Jacob Black for the taxes of 1877 is void because the assessment book is not verified. (5) The judgment against Husted, Krudwig and Black for the taxes for the year 1876 is void. *First.* Because the assessment book for the year 1875 is not verified as the law directs. *Second.* If so verified, there was no new book made out for the year 1876. *Third.* There was no assessment for this year against either of said defendants. *Fourth.* There was no service, either personal or by publication, against Husted. *Fifth.* There are three defendants named in petition, and the affidavit to support publication is that "the defendant is a non-resident of this state." This does not confer jurisdiction. (6) But if the judgments against Husted, Krudwig and Black for the taxes for the years 1874, 1876 and 1877 are valid, yet title did not pass by a sale thereon until a delivery of the deed by the sheriff. This was after plaintiff took the conveyance to himself, and the deed of sheriff cannot relate back so as to affect the intervening rights of plaintiff. *Alexander v. Merry*, 9 Mo. 514 ; *Lincoln v. Thompson*, 75 Mo. 613 ; *Strain v. Murphy*, 49 Mo. 337. (7) There was evidence conclusively proving that plaintiff had no actual notice of sale under these judgments, and there is no constructive notice. The possession of Ellis is sufficiently accounted

for by the sale under the judgment against Husted for the tax of 1876.

*White & McCammon* for respondent.

(1) *First.* The mortgage from Krudwig to Husted conveyed the legal title to the land, and after condition broken the mortgagee might have maintained ejectment. *Paddock v. Gressman,* 49 Mo. 389. And one holding under him by foreclosure or color of title might enter into possession and hold it against the mortgagor. *Jackson v. Magruder,* 51 Mo. 55; *Jones v. Meek,* 53 Mo. 151. *Second.* The contention of appellant, that the sale of the land did not operate as an assignment of Husted's note, is not involved in this case. Husted had an interest in the land as mortgagee, and all that was sought to be affected by a sale was that interest in the land. *Williams v. Hudson,* 93 Mo. 527. *Third.* Plaintiff cannot attack the judgment against Husted. He was a stranger to the suit, and could not be prejudiced by it. If Husted does not complain of a judgment against himself, by what authority does plaintiff intermeddle? As long as Husted is satisfied with the judgment plaintiff must be. Freeman on Judgments [3 Ed.] sec. 91; *Hunt v. Loucks,* 28 Cal. 372. A judgment of the circuit court in a back-tax suit under the revised laws of 1877 is the judgment of a court of general jurisdiction, proceeding according to the course of the common law, and cannot be attacked collaterally on the ground that the assessor's book or collector's delinquent book had not been verified. Those defenses might have been made in the back-tax suits, but cannot be made in a collateral attack upon those judgments. *State ex rel. v. Hunter,* 98 Mo. 386; *Jones v. Driskill,* 94 Mo. 190; *Wellshear v. Kelley,* 69 Mo. 343; *Brown v. Walker,* 11 Mo. App. 226; s. c., 85 Mo. 262; *Allen v. McCabe,* 93 Mo. 138; *Hill v. Sherwood,* 96 Mo. 135; *Allen v. Ray,* 96 Mo. 542. (2) But granting that the validity of assessment could have been questioned, and

that plaintiff's testimony on that point was proper, the judgments would still stand, because the legality of the city taxes included in the suit was not attacked. The judgment and deed thereunder being valid for one tax is not impaired by any error, defect or irregularity in the proceedings or sale for any other tax. R. S. 1889, sec. 7708; *Jones v. Driskill*, 98 Mo. 198; *Hill v. Sherwood*, 96 Mo. 126; *Allen v. Ray*, 11 Mo. 546. The sheriff's deed related back to date of sale and vested title in himself from that time, and it is no objection that the deed was made after the commencement of this suit. *Porter v. Mariner*, 50 Mo. 368; *Lewis v. Curry*, 74 Mo. 53; *Leach v. Koenig*, 55 Mo. 453. ( 3 ) Under these facts he cannot claim to be an innocent purchaser for value without notice. *Bartlett v. Glascock*, 4 Mo. 62; *Halsa v. Halsa*, 8 Mo. 309; *Vaughan v. Tracy*, 21 Mo. 420; *Stoffel v. Shroeder*, 62 Mo. 147; *Austin v. Loring*, 63 Mo. 21; *Ridgeway v. Holliday*, 59 Mo. 444; *Gunby v. Brown*, 86 Mo. 257. Plaintiff stands in no better position than Krudwig would have occupied if the conveyance to the plaintiff had not been made. *Maybee v. Moore*, 90 Mo. 343. And this is true even if plaintiff was a *bona fide* purchaser for value. *Atkinson v. Ward*, 2 S. W. Rep. (Ark.) 77.

BLACK, J.—This is ejectment for a lot in the city of Springfield, commenced August 19, 1885. Plaintiff appealed from a judgment for defendant.

B. W. Husted conveyed the lot to one Krudwig in 1874, and at the same time took back a mortgage to secure the purchase price of $150. Both instruments were recorded in that year, but the mortgage debt has never been paid. Plaintiff's title is a quitclaim deed to himself from Krudwig, dated August 15, 1885.

The defendant for title put in evidence two sheriff's deeds, one to Milner and the other to Lisenby, both based on tax judgments rendered in 1879; a deed from Milner to Lisenby, dated in 1883; and a deed from

the latter to the defendant, dated the first of July, 1885. The sheriff's deed to Milner is based on a tax judgment against Husted, the mortgagee, only. In the view we take of this case it is unnecessary to consider the various objections made to that deed.

The facts concerning the sheriff's deed to Lisenby are these : The collector of Greene county recovered two judgments in the circuit court on December 24, 1879, one against Husted, Krudwig and Black for $10.47, for back taxes for the year 1877 ; and the other against Krudwig and Black for $10.35, for back taxes for the years 1874 and 1876. The sheriff sold the property under special executions issued on these judgments on May 15, 1880, and Milner became the purchaser. The deed was made to Lisenby as assignee of Milner on the twelfth of November, 1885, which was after the commencement of this suit.

It is suggested that this deed is worthless because there was no service of process upon Husted. Both judgments appear to have been rendered upon orders of publication. There is a statement in the bill of exceptions to the effect that the publication is regular as to Krudwig and Black in the first case, and as to Husted, Krudwig and Black in the second case. The second case appears to have been dismissed as to Husted, and there is probably some mistake in the record. Be this as it may, Krudwig, the owner of the property, was duly notified in both cases, and the judgments would not be void as to him, though void as to Husted. A judgment against two persons, one served with process, and one not served, is not void as to the person served. As to him the judgment is valid ; certainly so in a collateral proceeding like this. *Lenox v. Clarke*, 52 Mo. 115 ; *Williams v. Hudson*, 93 Mo. 524.

It is next sought to overthrow both judgments because of irregularities in the assessment of taxes. The assessment book for the years 1873 and 1874 does not show that the property was assessed at all, but a

supplemental assessment for 1873 shows that it was listed in the name of Husted. The assessment book was not verified by the affidavit of the assessor, though the supplemental assessment was verified. These are the facts as to the tax of 1874.

The property was placed on the tax book for the years 1875 and 1876 by way of a supplemental assessment in the name of B. W. *Hulsted*, and this supplemental assessment was verified by the assessor. For the year 1877 it was assessed to B. W. *Hulsted*, and again in the name of Krudwig.

A sale under a tax judgment is in no way affected by the fact that the assessment books were not verified, nor does it matter how irregular the assessments may have been. These judgments of the circuit court rendered under the tax law of 1877 conclude and cut off all inquiry as to the irregularity of the assessments. Such things are matters of defense in the tax suit, and, if not made in the suit to recover the tax, they are no longer open to inquiry. The judgment establishes the validity of the tax, just as any other judgment establishes the validity of the debt sued upon. All this we have often held, and the question is no longer an open one. *Jones v. Driskill*, 94 Mo. 191; *Hill v. Sherwood*, 96 Mo. 125; *Allen v. Ray*, 96 Mo. 542; *State ex rel. Waters v. Hunter*, 98 Mo. 386.

These two tax judgments were rendered in 1879, and the sale was made in 1880; but the deed was not executed to Lisenby until November 16, 1885. The plaintiff obtained his deed from Krudwig on August 15, 1885, and commenced this suit on the eighteenth of the same month. The plaintiff had actual, as well as constructive, notice of these judgments, but it is not shown that he had actual notice of the sheriff's sale made under them. He produces evidence to the effect that he had no actual notice that a sale had been made. The claim, therefore, is that he is a *bona fide* purchaser, and his deed should prevail over the sheriff's deed.

Boyd v. Ellis.

The title did not pass to the purchaser at the tax sale, until the execution of the deed to him as his assignee. But the law is well settled that a sheriff's deed relates back to the sale as against the defendant in the execution, those in privity with him, and strangers with notice. *Porter v. Mariner*, 50 Mo. 364; *Leach v. Koenig*, 55 Mo. 451; *Ford v. French*, 72 Mo. 250; *Lewis v. Curry*, 74 Mo. 49. The sheriff's deed, therefore, has the priority, not only because it relates back to the sale, but also because the tax lien was paramount to all other liens and claims. Nor is it any objection that the deed was made after the commencement of the suit. *Porter v. Mariner*, *supra*.

Besides this the tax judgment is special, and constitutes a lien on no other property than that upon which the taxes were assessed. We do not see how it can be said the tax lien is merged into a judgment lien so as to expire in three years, as does a general judgment lien. The lien for unpaid taxes is more like a mortgage lien. This court held long ago that the lien of a mortgage was not merged in a judgment obtained in a proceeding under the statute to foreclose the mortgage. *Riley's Adm'r v. McCord's Adm'r*, 21 Mo. 285. Indeed, the very object of the tax judgment is to enforce the state's lien created by the law, and not to create a new lien. Though the plaintiff had no actual knowledge of the sale, he purchased with notice of a judgment which could have been enforced as an existing lien, had no previous sale been made. We do not see how he can claim to be a purchaser without notice in any view of the case. These tax judgments being valid as against Krudwig, the sheriff's deed transferred his title, and that defeats the plaintiff in this action. The judgment is, therefore, affirmed. All concur.