OZARK LAND AND LUMBER COMPANY, Appellant, v. FRANKS et al.

Division Two, June 12, 1900.

1. **Deed:** UNCERTAINTY OF DESCRIPTION: TOWNSHIP OMITTED: NOTICE TO STRANGERS TO TITLE. Land was patented to Francis Fox, and in 1862 Francis Fox made a deed to Foster, which described the land as the southeast quarter of section 26, range 5, omitting the township, and also described Fox as the patentee, and the platbook on file in the county clerk's office showed him to be the patentee of the southeast quarter of section 26, in township 25, range 5, and also showed, negatively, that he was not the patentee of any other southeast quarter of section 26 in range 5. Plaintiff claims title through this deed, and in 1895, after the other deed had long been of record, Fox conveyed the land described in the patent to Norman, through whom defendant claims title. *Held,* that the description of the land in the record of the deed was too indefinite (even when aided by the words which described Fox as "the patentee," and by the recorded plat which showed Fox to own no other southeast quarter of section 26 in range 5), to impart notice to Norman that Fox had previously conveyed to Foster, in the absence of proof of actual notice to Norman that such conveyance had been made, and hence Norman acquired the legal title by his deed from Fox.

2. **Suit for Timber:** LEGAL TITLE. In a suit for timber, cut off of what plaintiff claims to be his land, the legal title is involved, and a showing of equitable title is not sufficient.

3. **Deed by Sheriff Out of Office:** STATUTE: COMMON LAW. It is proper for a sheriff whose term of office has expired to make a deed to correct a mistake in a deed made by him as such officer while in office, the mistake being that the deed was signed by the circuit clerk, but acknowledged in open court by the sheriff, and also in a recital that the judgment for taxes was against M. Morby whereas the judgment itself recited that it was against M. Marley. In such

case section 4962, R. S. 1889, authorizing the circuit court to direct the sheriff in office to make the corrected deed in case the officer who executed the defective deed is dead, or disqualified, or absent from the State or has been removed from office, does not apply, but the case is governed by the common law, which required an officer who, while holding office, attempts to perform a duty, but does it in an irregular or imperfect manner, so that his act is of no legal effect, to make such correction, within the scope of his authority as such officer, either during or after the expiration of his official term, as will give full force and effect to his attempted official act.

4. ————: RELATION: NOTICE. A deed executed by such sheriff, after his term has expired, in so far as the defendant in the judgment for taxes and execution and his privies are concerned, and strangers purchasing with notice, relates back to the date of sale, and vests the title in the execution purchaser from that time. And the defendants, who after such execution sale but before the sheriff made his corrected deed, got a deed from M. Marley, were privies, and hence acquired no title.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.

*J. D. Brooks, Botsford, Deatherage & Young* for appellant.

(1) Inasmuch as the deed in naming Francis Fox, the grantor, described him as the patentee of the land conveyed, and as the other record evidence showed that said Fox was not the patentee of any lands in any other section 26, in range 5, in Oregon county, said deed, in view of said facts, was sufficient to convey said land in section 26, township 25, range 5. The reference in the granting clause of the deed by Fox to him as the patentee of the lands conveyed made his deed good, if he was not the patentee, as the record evidence showed, of any other lands in any section 26, range 5, except said south half of the southeast quarter thereof. Shelton v. Maupin, 16 Mo. 124; Webster v. Blount, 39 Mo.

500; Nelson v. Brodback, 44 Mo. 596; Dolde v. Vodicka, 49 Mo. 98; Gitt v. Eppler, 56 Mo. 138; McPike v. Allman, 53 Mo. 551; Cornwell v. Thurston, 59 Mo. 156; Clamorgan v. Railroad, 72 Mo. 139; Brown v. Gibson, 82 Mo. 529; Brown v. Walker, 85 Mo. 262; Coe v. Ritter, 86 Mo. 277; Tetherow v. Anderson, 63 Mo. 96; Hammond v. Johnston, 93 Mo. 198; Bollinger Co. v. McDowell, 99 Mo. 632; Bray v. Adams, 114 Mo. 487; Campbell v. Wood, 116 Mo. 196; Prior v. Scott, 87 Mo. 303. (2) It was proper, even after the commencement of this suit, for the sheriff who had made conveyance of the land in controversy to one Boyd to make the amendatory deed, read in evidence, to the plaintiff as the assignee of Boyd of the title for the purpose of correcting his first deed. Nat. Bank v. Hughes, 10 Mo. App. 7; Galbreath v. Newton, 45 Mo. App. 312; Commission Co. v. Estep, 63 Mo. App. 540; State ex rel. v. Stead, 64 Mo. App. 28; Corby v. Burns, 36 Mo. 194; Wannell v. Kem, 51 Mo. 150; Scruggs v. Scruggs, 46 Mo. 271; McClure v. Wells, 46 Mo. 311; Groner v. Smith, 49 Mo. 318; Kiley v. Croner, 51 Mo. 541.

*A. P. Couch* and *A. H. Livingston* for respondents.

(1) It is not contended by plaintiff that the sheriff's deed introduced by them, reciting that the judgment was rendered against M. Morby and signed by the clerk in place of the sheriff was valid for any purpose. It is absolutely void. Then their contention is, that a former sheriff—some twenty years before—on his own motion, could come in during the trial, and execute a deed to plaintiff and make for it a title it never had before. The former purported deed was made to T. J. Boyd, and the so-called amended deed was made to plaintiff. What right or power did this former sheriff have to determine that plaintiff held under Boyd?

But suppose the sheriff had such power, how could such deed affect defendant when he holds under a deed executed in 1895 by Michael Marley and wife—the true record owner of the land. The proposition that plaintiff has any title to this tract of land seems to us absurd. While it may be conceded that a sheriff may make an amended deed to the purchaser, even after the expiration of his term of office, yet it has never been held that he could make such deed without the supervision and order of the court out of which the process issued on which such deed was based, other than the one to whom the original deed was made. (2) If the amended deed, in the case at bar, had been in all things regular and valid, it could not affect respondent, who was an intervening purchaser without notice. Strain v. Murphy, 49 Mo. 337; Lincoln v. Thompson, 75 Mo. 613; Davis v. Green, 102 Mo. 180. (3) The record of the Fox deed did not impart notice that this land had been conveyed by Fox to Foster. Cass Co. v. Oldham, 75 Mo. 50; Galewood v. House, 65 Mo. 663.

BURGESS, J.—This is an action by plaintiff a corporation, against defendants for trespass in cutting and carrying away from lands in Oregon county, of which plaintiff alleges in its petition that it is the owner, of timber standing and being thereon, of the alleged value of $1,325, and to enjoin and restrain defendants and each of them from cutting timber or removing the same from the lands in question.

A temporary restraining order was granted upon the petition.

The answer was a general denial.

At the trial it was conceded by defendants that plaintiff had title to all the lands described in the petition except the west half of section thirty-four, and the south half of the southeast quarter of section twenty-six, in township twenty-five, of range five, from which last named tracts all the

timber in question was cut. The case was tried by the court without the intervention of a jury.

No objection was taken to the petition.

The testimony on the part of plaintiff tended to show that the timber cut and removed from the land by defendants was of about the value of one thousand dollars.

For the purpose of showing title in plaintiff to the west half of said section thirty-four, plaintiff read in evidence the official plat of Oregon county, from which it appears that this tract of land was entered by Patrick L. Sheridan; the record of a warranty deed from Patrick L. Sheridan to Michael Marley, of Highland county, Ohio, dated November 13, 1858, and filed for record in the recorder's office of Oregon county on the eleventh day of January, 1861; the record of a sheriff's deed from W. McClelland, sheriff of Oregon county, Missouri, to T. J. Boyd, which said deed was based on an execution issued on a judgment of said Oregon County Circuit Court, rendered on the 17th day of May, 1879, for back taxes for the years 1873, 1874, 1875 and 1876 on said land. This deed was in the usual form, and purported to be given by W. McClelland, sheriff, but was signed, as appeared from the record, by M. G. Norman, sheriff; was acknowledged in open court by said W. McClelland, sheriff, which acknowledgment was certified by M. G. Norman, clerk, and also marked, "Filed October 11th, 1880, by M. G. Norman, recorder." Said deed recited that said judgment was rendered against Patrick L. Sheridan, P. R. Sheridan and M. Morby, and that execution had been issued on said judgment against P. R. Sheridan, dated 23d of September, 1879.

Plaintiff next read in evidence the judgment rendered in the case of W. McClelland, successor to J. J. Sitton, collector, against P. R. Sheridan and P. L. Sheridan and M.

Marley on the 17th day of May, 1879, for the back taxes for the years of 1873, 1874 and 1876 on said west half of section thirty-four. Said judgment recited that said defendants, P. L. Sheridan, P. R. Sheridan and M. Marley, were duly summoned by publication, and that said lands should be sold to pay the amount of said back taxes, and that special execution issue therefor, and that execution issued September 25, 1879.

Plaintiff then read in evidence, over the objections of defendants, an amended sheriff's deed from said W. McClelland, late sheriff of said Oregon county, to the Ozark Land & Lumber Company, as the assignee by mesne conveyances of T. J. Boyd, the original purchaser at said tax sale. Plaintiff also offered evidence tending to show, that all the original papers in the suit on which said suit for back taxes were based were lost or destroyed and could not be found, but that the same had been at one time examined and an abstract of title to the land made by one L. L. Munsell, which abstract showed that said original papers showed that said suit was against M. Marley, that the order of publication was against M. Marley, and that the execution and notice by publication of sale were all against M. Marley.

Said amended sheriff's deed was as follows:

"SHERIFF'S DEED.

"(Under special execution for delinquent taxes.)
"To all to whom these presents shall come.

"I, W. McClelland, late sheriff of the county of Oregon, State of Missouri, send greeting.

Whereas, on the 17th day of May, A. D. 1879, judgment was rendered in the circuit court in the county of Oregon, State of Missouri, at the relation and to the use of ————, collector of the revenue of Oregon county, for

the State of Missouri, and against P. R. Sheridan, P. L. Sheridan and M. Marley, for the sum of sixty and 99-100 dollars, for certain delinquent state, county and special taxes and interest, as hereinafter set forth, assessed and found by said court to be due and unpaid upon the following described real estate, viz: Tract No. 1: west half of section thirty-four, township twenty-five, range five, and that the taxes and interest found due upon said real estate and the years for which the same were assessed, are upon the above described tract as follows, viz: Year 1873, $—; year 1874, $—; year 1875, $—; year 1876, $60.99, and also certain costs which have been taxed at the sum of twenty-three dollars and fifty-five cents, which said several sums of taxes, interest and costs were declared by said court to be a lien in favor of the State of Missouri upon the above described tracts of real estate. And whereas it was decreed by said court that the lien of the State of Missouri upon said real estate for said taxes, interest and costs be enforced, and that the said real estate, or so much thereof as may be necessary to satisfy such judgment, interest and costs, be sold according to law, upon which judgment a special execution and order of sale was issued from the clerk's office of said court in favor of the State of Missouri to the use of the said collector and against the said P. R. Sheridan, P. L. Sheridan and M. Marley, dated the 23d day of September, A. D. 1879, directed to the sheriff of the county of Oregon, and directing said sheriff to sell said real estate to satisfy said judgment, interest and costs, and the same was to me delivered on the 25th day of September, A. D. 1879, by virtue of which said execution I, the said sheriff, did, on the 25th day of September, A. D. 1879, levy upon and seize the above described real estate, situate in my said county, and having previously to the day of the sale, hereinafter mentioned, given at least twenty days' notice of the time and place of sale and the real estate

to be sold and where situated, as the law directs by advertisements in the Alton Democrat, a newspaper published in my said county, by virtue of which said execution and notice I did, on the 13th day of November, A. D. 1879, between the hours of nine in the forenoon and five in the afternoon of said day, agreeably to said notice, at the court house door in my said county of Oregon, during the session of the circuit court in said county, at the November term thereof, A. D. 1879, expose to sale at public auction for ready money the above described real estate, and ———, being the highest bidder for the following described real estate, viz, the west half of section thirty-four, in township twenty-five, range five west, the said last above described tract was stricken off and sold to the said T. J. Boyd for the sum bid therefor by him as above set forth; and whereas, the said T. J. Boyd has, since said sale, sold, assigned and transferred all his right, title and interest in and to said land so acquired by him at such sheriff's sale, and the same is now vested by mesne conveyances in the Ozark Land and Lumber Company, a corporation, and the deed made by me as such sheriff is defective. Now, therefore, in consideration of the premises and the sum of twenty dollars to me, the said sheriff, in hand paid by said T. J. Boyd, the receipt whereof I do hereby acknowledge, and by virtue of the authority in me vested by law, I, W. McClelland, sheriff as aforesaid, do hereby assign, transfer and convey to the said Ozark Land and Lumber Company, a corporation, all the above described real estate so stricken off and sold to said Boyd, that I might sell, as sheriff as aforesaid, by virtue of the aforesaid judgment, execution and notice. To have and to hold the right, title, interest and estate hereby conveyed unto the said Ozark Land and Lumber Company, its successors and assigns, forever, with all the rights and appurtenances thereto belonging. This deed is made to correct the defect in former deed

to said T. J. Boyd, recorded in Book 13, page 140. In witness whereof, I, W. McClelland, late sheriff of the county of Oregon and State of Missouri, have hereunto set my hand and affixed my seal, this 24th day of February, A. D. 1897.

"(Seal.)                    W. McClelland, sheriff."

"State of Missouri, County of Oregon, ss.

"In the Circuit Court within and for said county, February term, A. D. 1897.

"Be it remembered, that on this 24th day of February in the year of our Lord 1897, before the Hon. W. N. Evans, judge of the circuit court in the county aforesaid, came into open court W. McClelland, personally known to the said judge to be the same person whose name is subscribed to the foregoing instrument of writing, as having executed the same as late sheriff, and also known to be the sheriff of the county of Oregon aforesaid during the entire year 1879, and then and there in open court, before the said judge, acknowledged the said instrument to be his act and deed for the purposes therein mentioned; this certificate of said acknowledgment being ordered by the said court to be indorsed by the clerk on this deed. In testimony whereof, I, J. F. Norman, clerk of our said court, have hereunto set my hand and affixed the seal of our said court. Done at office at Alton, Missouri, in the county aforesaid.

"J. F. Norman, clerk.

"Filed for record the 24th day of February, 1897, at 1 o'clock and 15 minutes p. m.

"J. F. Norman, recorder."

Plaintiff next offered in evidence a number of conveyances, showing that plaintiff had acquired all the title acquired by said T. J. Boyd at said sheriff's sale, all of which were received in evidence without objection.

To sustain the issues on its part, and show title in plaintiff to the south half of the southeast quarter of section

twenty-six, township twenty-five, range five, plaintiff read in evidence: the official plat showing that said land was entered by Francis Fox; the record of a deed from Francis Fox to Henry M. Foster, dated May 14, 1862. Which omits to state in what township the land lies.

Plaintiff also offered in evidence the official plat of Oregon county, showing that no other lands in Oregon county, in range five, were ever entered by said Francis Fox, except the south half of the southeast quarter of section twenty-six (the land in controversy) and the northeast quarter of section thirty-five, and the south half of the northwest quarter of section thirty-six, in township twenty-five, range five; and also offered in evidence a certified copy from the general land office of the original patent issued by the United States to said Francis Fox, under date of September 1, 1859, conveying said south half of the southeast quarter of section twenty-six, south half of the northwest quarter of section thirty-six, and the northeast quarter of section thirty-five, in township twenty-five north, of range five west.

Plaintiff next offered quit-claim deed from Henry M. Foster to James Orchard, dated March 4, 1891, filed March 16, 1891, conveying the south half of the southeast quarter of section twenty-six, and other lands, and then plaintiff offered other conveyances showing that the title so acquired by James Orchard had passed to and become vested in the plaintiff, which said deeds were received in evidence without objection.

The defendant introduced in evidence a sheriff's deed from W. McClelland, sheriff of Oregon county, Missouri, to T. J. Boyd, purporting to convey the interest of Henry M. Foster, A. W. Humphreys, T. Fox, H. C. Elliott and T. Cox in and to the south half of the southeast quarter of section twenty-six.

The defendant also offered in evidence the original papers in a suit in which judgment was rendered for the back taxes on said land, on which said deed from the sheriff to T. J. Boyd was based, and which papers showed that Henry M. Foster was made a party to said suit and duly summoned by publication, but that Francis Fox was not named in said papers—the petition, order of publication and execution and notice of sale being to T. Fox, T. Cox, Henry M. Foster, H. C. Elliott and A. W. Humphreys.

Thereupon the plaintiff, by permission of the court, introduced conveyances showing that the plaintiff had acquired all the right title and interest acquired by the said T. J. Boyd under and by virtue of said last named sheriff's deed.

The defendants then introduced the record of a deed from Francis Fox and Helen Fox, his wife, to W. A. Norman, dated November 20, 1895, and filed for record December 17, 1895. To the introduction of the record of this deed the plaintiff objected as not being the best evidence, and asked for the production of the original deed. The defendant, J. M. Franks, testified that he did not have in his possession the original deed from Francis Fox and wife to W. A. Norman, and that he never asked W. A. Norman for the same. Upon this showing the deed was admitted in evidence over the objection of plaintiff.

Defendants next introduced a general warranty deed from W. A. Norman and wife to Robert H. Franks, dated December 1, 1895, which deed had not been filed for record, and excepted from the covenants of warranty all tax titles and taxes against said lands.

Defendants also introduced record of deed from Michael Marley and Mary Marley, his wife, to W. A. Norman, conveying the west half of section thirty-four, township twenty-five, range five, dated November 27, 1895, and recorded December 14, 1895. The plaintiff thereupon called W. A.

Norman as a witness, who testified that he was the grantor in the deed from W. A. Norman to Robert H. Franks and wife, and that he was the grantee in the deed from Michael Marley, conveying the west half of section thirty-four; that he did not have said Marley deed with him, and that he could not get it and produce it very handily; that it was down home with some other deeds that he had; that his home was four miles from the court house; that he got said deed from Mr. Marley, he supposed; that he dealt through a notary public; that he did not recollect the address of Michael Marley, as it had been a year or more since he got it, and that did not then remember where he found Michael Marley nor where he lived. He was asked what evidence, if any, he had that he was the Michael Marley who purported to own this land. This question was objected to by the defendants as irrelevant, incompetent and immaterial; which objection was sustained by the court; to which ruling and action the plaintiff by counsel then and there duly excepted.

After the conclusion of the evidence the plaintiff asked the court to declare the law to be as follows:

1.   The court declares the law to be that under the evidence the description of the land in the deed from Francis Fox, patentee, to Henry M. Foster, offered in evidence, is sufficient to convey the title of said Fox to said Foster, as to the south half of southeast quarter of section twenty-six, in township twenty-five, range five west, in Oregon county, Missouri.

2.  Under the pleadings and evidence, the court declares the law to be that the judgment should be for the plaintiff as to the timber cut off of the south half of southeast quarter of section twenty-six, township twenty-five north, range five west, in Oregon county, Missouri.

3.   The court declares the law to be that under the pleadings and evidence the judgment must be in favor of

plaintiff for the value of the timber, shown by the evidence to have been cut by defendants off of the west half of section thirty-four, township twenty-five, range five west.

4. The court declares the law to be that the amended deed from W. McClelland, late sheriff, to Ozark Land & Lumber Company, is sufficient to convey the interest and title of Michael Marley in and to the west half of section thirty-four, township twenty-five, range five, to the plaintiff, and that said deed should be admitted in evidence.

5. The court further declares the law to be that said W. McClelland, late sheriff of Oregon county, Missouri, had the power and authority to make said amended deed, offered in evidence to the plaintiff herein, as the assignee by mesne conveyances from the purchaser at such tax sale.

6. The court further declares the law to be that upon the pleadings and under the evidence the judgment on the whole case should be for plaintiff.

All of which said declarations of law the court refused; to the refusal of which the plaintiff then and there excepted.

The trial resulted in a judgment for defendant, from which after unsuccessful motion for a new trial plaintiff appeals.

It is argued by plaintiff that although the deed from Francis Fox to Henry M. Foster, omitted in the description of the land the township in which it lies, yet in as much as the land was described in the deed as the southeast quarter of section twenty-six, range five, and Francis Fox the grantor therein as the patentee of the land, and in as much as the other record evidence showed that said Fox was not the patentee of any land in any other section twenty-six, in range five, said deed was sufficient to convey the southeast quarter of section twenty-six, township twenty-five, of range five. That the reference in the granting clause of the deed by Fox to himself as patentee of the land, made the deed good,

if he was not the patentee, as the record evidence showed, of any other lands in any section twenty-six, range five. Upon the other hand defendants contend that as the deed from Fox to Foster fails to give the township in which the land attempted to be conveyed thereby is located, it is void for uncertainty of description, and although it might be made good between the parties thereto, by parol testimony, its record did not impart notice to third parties, and as defendants without notice acquired title to said land through W. A. Norman, to whom Francis Fox conveyed it by deed dated November 20, 1895, they acquired the legal title thereto, notwithstanding the deed from Fox to Foster under which plaintiff claims, was of prior date.

While defendants in acquiring Fox's title took it with notice that the plat book of the lands of the county of Oregon on file in the county clerk's office, duly certified by the register of the United States land office, as well as the records of deeds for the purpose of ascertaining who was the owner of the land there recorded, did not show that at the time of his conveyance to W. A. Norman, to-wit, November 20, 1895, he had conveyed to Henry M. Foster, the description of the land in the record of the deed from Fox to Foster was too indefinite to impart notice, and in the absence of proof of actual notice that Fox had previously conveyed the land to Foster, Norman acquired the legal title by his deed from Fox.

In Cass County v. Oldham, 75 Mo. 50, it was held that the record of a mortgage on lands described as west half of lot 1, northwest quarter of section 5, and east half of lot 1, northeast quarter, section 6, was not constructive notice, to a subsequent mortgagee that the land had been previously mortgaged, and in the absence of evidence that the subsequent mortgagee had actual notice of the prior mortgage it would be absurd to say that constructive notice puts a man

upon inquiry. In that case there was omitted from the first mortgage the township and range in which the land lay, while in the case at bar there was omitted from the deed from Fox to Foster the township in which the land lies. The description was too indefinite to impart notice to Norman.

As was said in Gatewood v. House, 65 Mo. 663: "The discription was undoubtedly good enough between the parties to the deed, but it was wholly insufficient as notice to third persons. To constitute the record of a deed notice to subsequent purchasers, the description contained in the deed should be such as would enable such purchasers to identify the land by name, location, monuments, courses and distances, or numbers, or the deed should refer to some other instrument lawfully of record which does contain such means of identification."

The deed from Norman and wife to defendant Robert H. Franks of date December 21, 1895, is a warranty deed, and he occupies the position of an innocent purchaser, hence the title to the land is in him.

Moreover, the legal title to the land is involved in this case, upon which alone plaintiff is entitled to recover, while that shown by it upon the trial is only equitable.

As to the other tract, to-wit, the west half of section thirty-four, township twenty-five, of range five, plaintiff claims that it was proper, even after the commencement of this suit, for the sheriff who had made conveyance thereof to one Boyd to make the amendatory deed, read in evidence, to the plaintiff as the assignee of Boyd of the title for the purpose of correcting his first deed. But defendant insists that the amended deed is void because it was not ordered to be made by the court on a petition for that purpose, as required by section 4962, Revised Statutes 1889, which reads as follows:

"When any officer shall die, be removed from office or disqualified, or shall remove from this State, after the sale of any property and before executing a conveyance therefor, as required by law, or after executing a defective conveyance therefor, the purchaser, his grantee, or anyone claiming by, through or under the purchaser, may petition the court out of which the execution issued, stating the facts, verified by affidavit, and if said petitioner satisfy the court that the purchase money has been paid, the court shall order the sheriff then in office to execute, acknowledge and deliver a deed to the purchaser, or if he be dead, to his heirs, and if the purchaser has sold the same, to his grantee, or to the party claiming by, through or under said purchaser, reciting the facts; which deed shall be executed accordingly, and shall have the same effect, to all intents and purposes, as if made by the officer so deceased, removed from office, disqualified or absent from the State."

It is clear from the reading of this statute that it has no application to a case of this character, and that it only applies in case the officer who executed the deed to be corrected is dead, removed from office, is disqualified, or absent from the State, neither of which existed in the case in hand. The case is, therefore, governed by common law principles which require an officer who while holding an office, attempts to perform a duty but does it in an irregular or imperfect manner, so that his act is of no legal force or effect, to make such correction within the scope of his authority as such officer as will give full force and effect to his official acts with respect to such matters, whether it be the execution of a new deed by such officer correcting a former void or invalid one, during, or after the expiration of his term of office.

"A public officer can do no official act, or exercise no official function outside of the district or territory of which he is the official agent, and upon the termination of his

Land & Lumber Co. v. Franks.

official capacity he becomes *functus officio*, and incompetent thereafter to do an authoritative act. It is a well settled rule of law, however—and a rule of the common law, recognized and confirmed by statute—that when an executive officer has begun the service, or commenced the performance of a duty, and thereby incurred a responsibility, he has the authority, and indeed is bound to go on and complete it, although his general authority as such officer is superseded by his removal, or by the expiration of his term of office." [19 Am. and Eng. Ency. of Law (1 Ed.) 457.]

In Porter v. Mariner, 50 Mo. 364, it was held that a sheriff may after the expiration of his term of office, and without an order of court make a deed to land levied on by his predecessor. [Bush v. White, 85 Mo. 339; Boyd v. Ellis, 107 Mo. 394.]

The deed in question was made by the permission, and with the approval of the court, and must be held to have been duly executed. [Jones v. Manly, 58 Mo. 559.]

But defendants contend that even if the amended deed was properly executed, as Michael Marley and wife conveyed the land to W. A. Norman by deed on the 27th day of November, 1895, and the amended deed was not executed until the 24th day of February, 1897, that they being intervening purchasers have the better title.

It has been uniformily held by this court that a purchaser at an execution sale acquires no title to real estate sold until the deed for it is executed by the proper officer. But when executed, the deed of such officer, in so far as the defendant in the execution and his privies are concerned, and strangers purchasing with notice, relates back to the date of the sale, and vests the title in the execution purchaser from that time. [Alexander v. Merry, 9 Mo. 514; Strain v. Murphy, 49 Mo. 337; Porter v. Mariner, 50 Mo. 364; Leach v. Koenig, 55 Mo. 451; Boyd v. Ellis, 107 Mo. 394.]

It is said that "relation is a fiction of law resorted to for the promotion of justice and for promoting the lawful intention of parties by giving effect to acts or instruments, which, without it would be invalid." [20 Am. & Eng. Ency. of Law (1 Ed.), 726.] It has its most frequent application to sheriff's sales where the deed is not made for some time after the sale, but when it is made relates back to the sale, and in so far as the defendant in the execution and his privies, and strangers purchasing with notice are concerned, vests the title in the purchaser from that time.

It follows that, the defendants being privy in estate to Michael Marley by purchase from him subsequent to the sheriff's sale under which plaintiff derived title, they acquired no title to the land by reason of said purchase, and that plaintiff has the legal title thereto.

We affirm the judgment as to the south half of the southeast quarter of section twenty-six, township twenty-five of range five, and reverse the judgment and remand the cause as to the west half of section thirty-four, township twenty-five, range five.

*Gantt, P. J.*, and *Sherwood, J.*, concur.